## RUDOLPH STEINBACH *v.* JACOB P. LEESE, GEORGE W. BAKER, AND ALFRED G. JONES *et al.*

SERVICE OF SUMMONS BY PUBLICATION.—Where service of summons is had by publication, proof of the publication can only be made by the affidavit of the printer, his foreman, or principal clerk; and the affidavit should state that the person taking the same holds one of these positions. An affidavit commencing in this way: "A. B., principal clerk, etc.,   *   *   being sworn, deposes," etc., is insufficient, and would not give the Court jurisdiction of the person of the defendant.

WHAT CONSTITUTES AN APPEARANCE IN AN ACTION.—A defendant cannot appear in an action so as to give the Court jurisdiction of his person, except by answering, demurring, or giving plaintiff written notice that he appears; and the service of the notice of appearance must antedate or be contemporaneous with the service of all other notices and papers.

PLAINTIFF PRESUMED TO KNOW DEFECTS IN PROCEEDINGS.—If the plaintiff in an action of foreclosure purchases the property at Sheriff's sale, he is presumed to buy with full knowledge of all defects in the proceedings relating to service of summons.

WRIT OF ASSISTANCE.—If the Court, in an action to foreclose a mortgage, does not acquire jurisdiction of the person owning the land at the time of the foreclosure, a writ of assistance against the owner or his grantees will be refused.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Patterson, Wallace & Stow*, for Appellant.

There was no proof of publication of summons. The affidavit does not show that Hoffman was competent to be a witness on the trial of the action. It does not show that

Hoffman was the "printer," or his "foreman," or "his principal clerk." Practice Act, section thirty-three, subdivision three—the words "principal clerk in the office," etc., are mere "*descriptio personæ*"—he does not swear that he is such clerk, nor that there was any such newspaper. (*Merritt* v. *Seaman*, 2 Selden, 171, and the numerous authorities there cited by the Court; *People* v. *Penin*, 1 How. Pr. R. 75; *Ex parte B. of Monroe*, 7 Hill, 178; *Cunningham* v. *Gorlet*, 4 Denio, 71.)

It should appear affirmatively and distinctly that Hoffman was the principal *clerk* of the *printer*, because it does not appear his means of *knowledge* of the publication is not disclosed to the Court. (See *Hill* v. *Hoover*, 5 Wisconsin, 370; and a correct form, 2 Barbour's Ch. 706, which we deem conclusive.)

*Brooks & Whitney*, for Respondents.

Appellant's counsel objects that the affidavit is insufficient in *reciting* the fact that the deponent is the principal clerk, instead of *stating* that he is the principal clerk.

The cases cited from the New York Reports in support of this position are not cases of the affidavits of publication, and there is a material difference. The cases cited are in point so far as this: that in New York a description of the character of the deponent at the commencement of the answer is not considered as *sworn* to, but is a mere description of the person. But these were cases of the exercise of some private right by individuals. In the case of the publication of a summons there is this difference: that the *Court* designates the paper, and the *law* designates the person who shall make the affidavit, so that *pro hac vice* and *quoad hoc*, he is acting as the officer of the law, and is in no sense the private agent of the party. The form cited from Barbour's Chancery Practice is an affidavit of publication, and is in the form contended for by the counsel. The case of *Hill* v. *Hoover*, 5 Wisconsin, 370, was a case of proof of publication of a notice of sale, and is in point as far as it goes; but none of these cases were attempts to

invalidate a judgment on this ground. We might concede that such affidavits were *irregular*, but that is a very different thing from their being *void*.

We think it must be confessed that the criticism is exceedingly nice. In a pleading or affidavit, it is the ordinary way to commence by describing the status of the party as " one of the defendants in this cause," or " the attorney for the plaintiff herein," etc., and " common error may make law." We are free to admit that the form given by Barbour is *better*, but it would be a hard thing that all the judgments which have been rendered in this State on just such affidavits are nullities. If the Court will look at its own records. it will find that the practice has been universal. In the case of *Gray* v. *Palmer*, 9 Cal. 637, the affidavit of publication seems to have been precisely the same as this. But it never seems to have occurred to the learned counsel who contended in that hotly contested case, or to the Court, that the judgment of *Gray* v. *Eaton* was void on that ground. The affidavit was criticised and attacked by counsel, and sustained by the Court. The Court say : " When there is but one clerk, his affidavit must be sufficient, and it is unnecessary for him to improperly *describe* himself as principal clerk." It is evident that the Court considered a *descriptio personæ* sufficient.


By the Court, SHAFTER, J.

This appeal is from an order granting a writ of assistance.

The action was brought to foreclose a mortgage executed to Salvador Vallejo by defendant Leese in 1850, which mortgage came to the plaintiff by assignment. The complaint was filed May 1, 1857, and a notice of *lis pendens* was filed on the 30th of the same month. At the time the action was brought, Jones, who was named as a defendant in the complaint, was the owner of a part of the mortgaged premises by title derived from Leese and Yale subsequent to the mortgage. A final decree was entered November 3, 1860, against all the defendants, and the plaintiff became the purchaser of the mortgaged

38

premises at the Sheriff's sale, and is now the holder of the Sheriff's deed. The appellants, Brooks, Tennant, Lazarus, and Johnson, claim under their co-appellant Jones, by title derived from him since the filing of the notice of *lis pendens.* The only question is, whether Jones was a party to the foreclosure suit.

On the 24th of September, 1857, an order was made directing the service of summons as to Jones and three other defendants, by publication in the *California Chronicle,* at least once a week for a period of three months. The proof that the order was complied with was the following affidavit :

"STATE OF CALIFORNIA,     }
"City and County of San Francisco. }

"H. F. W. Hoffman, principal clerk in the office of the *California Chronicle,* a daily newspaper published in said city and county, being duly sworn, deposes and says, that the notice of which the annexed printed notice is a copy, has been published in said paper at least once a week three months, commencing on the 26th day of September, 1857, and ending on the 26th day of December, 1857.    H. F. W. HOFFMAN.

"Subscribed before me this 26th day of December, 1857.
"D. B. HEMPSTEAD, Notary Public."

By subdivision third of the thirty-third section of the Practice Act, the fact that an order of publication has been complied with, is to be proved by "the affidavit of the printer, or his foreman, or principal clerk;" and as we construe the provision, they are the only persons competent to testify on the subject. That the affiant is one of the three, is itself a substantive fact, and must be proved as such before the Court in which the action is pending can proceed to render judgment against the parties to whom notice is intended to be given. In the affidavit now in question, the affiant swears to nothing except to the matters set forth after the word "deposes." He names himself as principal clerk, but he does not swear that that was his position in fact. (*Ex parte Bank of Monroe,* 7

Hill, 178; *Cunningham* v. *Goelet*, 4 Denio, 71; *Staples* v. *Fair-child*, 3 N. Y. 44; *Payne* v. *Young*, 8 N. Y. 158.)   The result is, that as the record in *Steinbach* v. *Leese et al.*, is made up, judgment was rendered against Jones without any proof that the order of publication had been complied with.   There are other grounds upon which it is insisted that the proceedings under the order were fatally defective, but it is not necessary for us to consider them.

The respondent, however, contends that Jones appeared to the action by giving a notice of appeal from the decree through an attorney, who, it appears, properly represented some of the defendants, but who, without authority and inadvertently, inserted Jones' name in the notice as one of the parties for whom he acted.   It is provided by the five hundred and twenty-third section of the Practice Act, that " a defendant shall be deemed to appear in an action when he answers, demurs or gives the plaintiff a written notice of appearance for him."   The words " answers " and " demurs " are obviously words of enumeration, and we cannot, on received principles, interpolate into the text, notices of motion for new trials, notices of appeal, nor any other paper served incidentally in the conduct of judicial proceedings, the direct and principal purpose of which is, not to give notice of appearance, but to give notice of a step taken or about to be taken in the cause. We have no doubt that the written notice of appearance provided for in the section, is a document to be drawn up especially for that purpose, and that service of it is to antedate, or to be contemporaneous with, the service of all other notices and papers.

Steinbach was himself the purchaser at the Sheriff's sale, and must be presumed to have bought with notice of all defects in the proceedings relating to the publication.   (*McMillan and Wife* v. *Reynolds*, 11 Cal. 378.)

The order appealed from is reversed.