## A. K. P. GLIDDEN v. J. A. PACKARD.

APPEAL FROM ORDER MADE AFTER FINAL JUDGMENT. — On an appeal from an order made after final judgment, the transcript should contain a copy of the order appealed from, and copies of all the papers used on the hearing when the order was made by the Court below.

AN APPEARANCE IN AN ACTION.—A notice given by an attorney on behalf of defendant to plaintiff's attorney that defendant will move before a Court Commissioner that an attachment issued in the case be dissolved, does not constitute an appearance in the action.

JUDGMENT BY DEFAULT.—A notice that defendant will move before a Court Commissioner to dissolve an attachment issued in a cause is not such an appearance in an action as will authorize the Clerk to enter a judgment by default.

JUDGMENT BY DEFAULT—WHEN VOID. — A judgment entered by the Clerk by default, where there has been no service of summons or appearance, is utterly void.

APPEAL from the District Court, Fourth Judicial District, City and County, of San Francisco.

The facts are stated in the opinion of the Court.

*J. P. Treadwell,* for Appellant.

*Sharpstein & Smyth,* for Respondent.

By the Court, SAWYER, J.

This is an appeal from an order subsequent to judgment on default, "that the defendant have leave to file his answer" to the merits. The only papers brought up in the transcript were the judgment in the case; the order appealed from allowing defendant to answer; the notice of motion for the order; and the proposed answer. A diminution of the record having been suggested by respondent, and the papers said to be omitted having been ordered to be certified to this Court, a full transcript of the judgment roll and the proceedings on attachment has been filed. The appellant insists that the original transcript contains all the papers required to be brought up on appeal from the order under section three hundred forty-six of the Practice Act; and that for this reason, the papers certified up in pursuance of the order of this Court cannot be considered. In this he is mistaken. The section referred to requires the appellant to furnish the Court "a copy of the order appealed from, and a copy of the papers used in the hearing of the Court below." In this case the notice is, that the motion will be made "upon the *papers filed in this action,* and upon a verified answer, * * * a copy of which answer is hereto annexed." Now, the only paper on file at the time of giving the notice brought up was a copy of the judgment, and there was manifestly an omission of portions

of the moving papers, which are necessary to understand the action of the Court. And it was for this reason that the remaining papers were directed to be certified up. Upon an examination of the judgment roll, which was on file, and therefore, under the notice, a part of the moving papers, it appears that the summons was returned without service, the defendant not having been found. It also appears that the judgment was entered in the Clerk's office by the Clerk, on application of plaintiff's attorney, and not in open Court, or by order of the Court; that the Clerk entered the judgment, not upon evidence of service, but upon the affidavit of plaintiff's attorney that the defendant had appeared in the action; and the mode of appearance was shown by the affidavit to have been by an attorney giving notice on behalf of defendant to plaintiff's attorney of a motion before a Court Commissioner to dissolve the attachment issued in the case, on the ground that it was irregularly issued. The Clerk, regarding this as a general appearance in the case, entered judgment by default. This state of facts is shown by the judgment roll.

We think the notice of motion to dissolve the attachment, on the ground that it was irregularly issued, was not such an appearance in the case as would authorize the Clerk to enter judgment by default. (*Steinbach* v. *Leese,* 27 Cal. 295.) Had the motion been made under section one hundred and thirty-six, the plaintiff might have required an appearance as a condition of moving to dissolve the attachment. And this very provision, requiring the defendant to appear before moving to dissolve, shows that the Legislature did not contemplate that the motion itself should constitute an appearance.

In *Kelly* v. *Van Austin,* Mr. Chief Justice Field said: "The Clerk in entering judgment upon default acts in a mere ministerial capacity. He exercises no judicial functions. The statute authorizes the judgment, and the Clerk is only an agent by whom it is written out and placed among the records of the Court. He must, therefore, conform strictly to the provisions of the statute, or his proceedings will be without binding force." (17 Cal. 565. See also *Wallace* v. *Eldridge,*

.21 Cal. 495 ; *Stearns* v. *Aguirre*, 7 Cal. 449.) The action of the Clerk in entering judgment was without authority of law. It was not merely error, to be corrected on appeal, but utterly void for any purpose whatever. There was in fact no judgment, (the order does not purport to vacate any judgment,) and the defendant was entitled to answer as a matter of right. And the moving papers, as we have seen, show this right. But there having been neither personal service nor appearance by defendant, the sixty-eighth section of the Practice Act would apply, whether the construction claimed for it by respondent be correct or not. It does not appear upon what ground the Court based the order appealed from ; but whatever reason may have been assigned, the order is undoubtedly correct.

It is therefore affirmed.