APARICIO BROTHERS, PLAINTIFFS AND APPELLEES, *v.* H. C. CHRISTIANSON & CO., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action for Rescission of Contract and for Damages.

No. 1356.—Decided January 28, 1916.

SERVICE BY PUBLICATION—SUMMONS—VOLUNTARY APPEARANCE.—A judgment on the theory that the defendant was summoned or that his appearance was voluntary cannot be justified by proof of service by publication.

ID.—JUDGMENT.—Subdivision 3 of the Code of Civil Procedure provides that before entering judgment upon proof of service by publication some steps must be taken by the plaintiff to that end.

JUDGMENT BY DEFAULT—JURISDICTION—COMPLAINT.—In the consideration of a judgment obtained by default the burden is strictly upon the complainant to show that the court acquired jurisdiction over the person of the defendant

and the allegations of the complaint cannot be taken for granted to show jurisdiction but must be proved.

SUMMONS—CORPORATION—AGENT.—There is no provision of law which authorizes service on a private individual, as distinct from a corporation, by service on his agent.

ATTACHMENT—SPECIAL APPEARANCE—GENERAL APPEARANCE.—Appearance by a defendant in an attachment proceeding to move to set aside the attachment upon furnishing a bond although termed a ''special appearance'' is a general appearance and notice of appearance within the provisions of section 323 of the Code of Civil Procedure.

SPECIAL APPEARANCE—JURISDICTION.—The only kind of special appearance that exists is that in which the defendant appears solely to challenge the jurisdiction of the court and any other appearance in a suit, although called special, is not subject to the intention of the party not to submit to the jurisdiction. The words ''special appearance'' generally denote an appearance for the purpose of challenging the jurisdiction of the court over the person or property of the defendant.

The facts are stated in the opinion.

*Messrs. Frank Antonsanti* and *Francis E. Neagle* for the appellant.

*Mr. José Tous Soto* for the appellées.

MR. JUSTICE WOLF delivered the opinion of the court.

Appellants complain of a default judgment taken against them. There was first a note of default and a trial, apparently under section 194, subdivision 2, of the Code of Civil Procedure, and a judgment thereon. The appellees maintain that even if the entry of default were not duly made, yet that at the time of the trial service by publication had run against the defendants for the period required by law and that the judgment could be justified by the publication for forty days and the failure of the defendants to answer.

Subdivision 3 of section 194 provides that ''In actions where the service of the summons was by publication, the plaintiff, upon the expiration of the time for answering, may, upon proof of the publication and that no answer has been filed, apply for judgment.''

The record in this case does not disclose any application for judgment on the ground of the proof by publication. On the contrary, the judgment recites the default entered by the secretary and evidently is dependent upon it. Furthermore,

the written motion of the complainants was directed to the secretary of the court and requested an entry by default on two different grounds, neither of them involving the question of publication.

This was an action for damages against the defendant firm for a breach of contract in failing to deliver some 316 bags of sugar, whereby the complainants claimed damages in the sum of $1,000. They prayed for and obtained an attachment to secure the effectiveness of the judgment.

On October 2, 1914, the defendants filed a motion which in its preamble was as follows:

"The defendants above mentioned, H. C. Christianson & Company, appear in the proceeding begun by the complainants to secure the effectiveness of the judgment which may be rendered in case the action should be successful, and without this special appearance being considered a general one, without accepting the jurisdiction of this court to try this case, set forth: * * *."

The motion then went on to recite that on September 25, 1914, the complainants had obtained an attachment to secure the effectiveness of the judgment and that in consequence thereof the marshal had attached 194 bags of sugar, the property of the defendants, and prayed that the attachment might be dissolved by the filing of a bond to answer for the value of the 194 bags of sugar. The court, upon consideration of the motion of the defendants and their giving a bond for $1,200, granted the motion to dissolve the attachment.

On November 16, 1914, the complainants filed a motion directed to the secretary of the District Court of Ponce requesting an entry of default; first, because the defendants, through their agent, Calvin Dietrick, had been duly served with process, and, second, because by the appearance made to dissolve the attachment the defendants had waived the necessity of a service.

On January 5, 1915, the secretary of the district court made an entry of default based on the ground that the de-

fendants had been duly served by service on their agent in San Juan, Calvin Dietrick, without the defendants' having answered within the time fixed by law so to do.

On January 30, 1915, the court rendered judgment wherein it recited briefly the substance of the complaint, the fact of the entry of default, the proof at the trial, and adjudging the amount of $1,000 and costs to the complainants.

On March 25, 1915, the defendants filed a motion asking that the court annul all the proceedings had after the issuance of the summons in the case because the court had never acquired jurisdiction over the person of the defendants.

In the consideration of a judgment obtained by default the burden is strictly upon the complainant to show that the court acquired jurisdiction over the person of the defendant. The facts of the complaint cannot be taken for granted to show jurisdiction, but must be proved. The complaint alleged, and at the trial it was shown, that Calvin Dietrick was the agent of the defendants who made the contract with the complainants in which the defendants are alleged to have defaulted, but the entry of the default in this case was made without any showing whatever that Calvin Dietrick was an agent of the defendants on whom service might be made. The defendants contend and affirm that the principle that governs the service on agents of corporations would not apply to them. They must be served with process and a service on an agent who is not shown to have had the authority to accept service for them is insufficient. There is no provision of law which authorizes the service on a particular individual, as distinct from a corporation, by service on his agent.

The principal question raised in this case is, however, whether the court acquired jurisdiction over the defendants by reason of the voluntary special appearance to dissolve the attachment and substitute a bond.

In New York and California it seems to have been held that where the statute defines what constitutes an appear-

ance, the manner and effect of appearance are determined by the statute alone, although the principle is not accepted in other states like Nevada and Montana, which generally follow California. See the note, etc., to Adjudicated Forms of Pleading and Practice, p. 1827, paragraph 9; *Steinbach* v. *Leese,* 27 Cal. 295; *Glidden* v. *Packard,* 28 Cal. 649.

Our statute is very similar to the California statute, and provides:

"Sec. 323. A defendant appears in an action when he answers, demurs, or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him. After appearance, a defendant or his attorney is entitled to notice of all subsequent proceedings of which notice is required to be given. But where a defendant has not appeared, service of notice or papers need not be made upon him unless he is imprisoned in the action for want of bail."

Now, the entrance of the defendants in this case, although they style it a special appearance, was still an appearance and a notice of appearance, and would seem to come strictly within the provisions of section 323; in other words, the defendants gave the complainants written notice of their "special" appearance for a special purpose, although expressly limited to the attachment proceeding. It was no less an appearance because it was a special appearance. Here the defendants themselves described their entrance into the action or into the attachment proceeding as an appearance.

We have then to consider the effect of the defendants' calling their appearance "special." The rule is summed up in *In re Clarke,* 125 Cal. 392, as follows:

"On general principles, a statement that a defendant or party makes a special appearance is of no consequence whatever. If he appears and objects only to the consideration of the case, or to any procedure in it, because the court has not acquired jurisdiction of the person of the defendant, the appearance is special, and no statement to that effect in the notice or motion is required or could have any effect if made. On the other hand, if he appears and asks for

any relief which could only be given to a party in a pending case, or which itself would be a regular proceeding in the case, it is a general appearance no matter how carefully or expressly it may be stated that the appearance is special. It is the character of the relief asked, and not the intention of the party that it shall or shall not constitute a general appearance, which is material. (See 2 Ency. of Pl. & Pr., 625, notes, and cases cited.)''

The authorities seem to hold that the only kind of special appearance that exists is one wherein the defendant appears solely to challenge the jurisdiction of the court and that any other appearance in the suit, although called special, does not yield to the intention of the party in avoiding a submission to the jurisdiction. 2 R. C. L. 328, 332, Tit. Appearances. Words and Phrases, Vol. 7, 6567; 23 Cyc. 685–686; *Hernáiz, Targa & Co.* v. *Vivas,* 20 P. R. R. 99; *Ortiz* v. *Gómez,* 21 P. R. R. 480. It may be said that in general the definition of the words ''special appearance'' is an appearance to challenge the jurisdiction of the court.

The extent to which the courts will go is shown in the case of *Davis* v. *C. C. C. & St. Louis Ry. Co.,* 217 U. S. 174, where the rule is approved and shown to extend to an attack on the control over property. In other words, an appearance is special when the defendant urges that the court has not acquired jurisdiction over his property as well as when he maintains that it has no jurisdiction over his person. The general rule has been followed in this court in the case of *Hernáiz, Targa & Co.* v. *Vivas, supra,* wherein the case of *In re Clarke, supra,* and other California cases are cited with approval.

The appellants maintain that as the statute contains words enumerating appearances it is exclusive of any appearance except by answer, demurrer or a written notice to that effect, and they make special mention of the California cases of *Steinbach* v. *Leese* and *Glidden* v. *Packard, supra.* In the former case the action of defendant was to appeal from a decree against him, and hence was no appearance in the ac-

tion. The judgment was not dependent on his appearance. In the latter case the appearance was plainly special as the defendants attacked the attachment issued therein for irregularities. Judging by the language of Mr. Justice Henshaw in the case of *In re Clarke, supra,* it may fairly be doubted if the California courts would now consider an appearance like the present one as "special." The court says: "As a rule, one cannot avail himself of the advantage of being a party and escape the responsibilities" and the court questions the wisdom of some of the earlier cases.

The District Court of Ponce and the appellees cite cases to show that when defendant appears to release goods the court acquires jurisdiction and the appellants cite, perhaps, an equal number to the opposite effect. We think the policy of this jurisdiction was announced in the case of *Hernáiz, Targa & Co.* v. *Vivas, supra.*

The appearance of the defendants to obtain the release of their goods by giving a bond was in no sense an attack on the jurisdiction of the court over the property of the defendants. As the motion to release the goods was an appearance, and as it was not a special appearance, the said appearance was necessarily general.

The appellants have also maintained that the said special appearance was in a collateral proceeding and hence could not be considered an appearance in the main action. But the jurisdiction of the court was invoked in the particular case and under the particular title to obtain a release of the goods. The attachment to secure the effectiveness of a judgment is part of the action although an incident thereof.

The order appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.