APARICIO HERMANOS, DEMANDANTES Y APELADOS, *v.* H. C. CHRISTIANSON & CO., DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa sobre rescisión y daños y perjuicios

. No. 1356.—Resuelto en enero 28, 1916.

CITACIÓN POR EDICTOS—EMPLAZAMIENTO—COMPARECENCIA VOLUNTARIA.—Una sentencia obtenida bajo la teoría de que el demandado fué emplazado o de que su comparecencia fué voluntaria, no puede justificarse mediante prueba de publicación por edictos.

ID.—SENTENCIA BASADA EN PRUEBA DE PUBLICACIÓN.—Para que una sentencia mediante prueba de publicación por edictos pueda ser dictada, es necesario, de acuerdo con el párrafo 2°. del artículo 194 del Código de Enjuiciamiento Civil, que exista alguna gestión por parte del demandante para que se dicte tal sentencia.

SENTENCIA EN REBELDÍA—JURISDICCIÓN—HECHOS ALEGADOS EN LA DEMANDA.— Al considerar una sentencia que ha sido dictada en rebeldía el demandante está estrictamente en la obligación de probar que la corte adquirió jurisdicción sobre la persona del demandado, sin que los hechos alegados en la demanda puedan ser tomados como establecidos para acreditar la jurisdicción, sino que deben ser probados.

EMPLAZAMIENTO—CORPORACIONES—AGENTES.—No existe precepto alguno en la ley que autorice hacer la notificación a una persona particular, a diferencia de una corporación, mediante el emplazamiento de su agente.

COMPARECENCIA ESPECIAL—ASEGURAMIENTO DE SENTENCIA—COMPARECENCIA GENERAL.—Una comparecencia de un demandado en el procedimiento para asegurar la efectividad de la sentencia, para que se deje sin efecto el embargo mediante la prestación de fianza, aunque la denomine "comparecencia especial, es una comparecencia general y aviso de comparecencia dentro de las prescripciones del artículo 323 del Código de Enjuiciamiento Civil.

ID.—JURISDICCIÓN.—La única clase de comparecencia especial que existe es aquella en que el demandado comparece solamente para atacar la jurisdicción de la corte, y cualquier otra comparecencia en la acción, aun cuando se le llame especial, no queda sujeta al propósito de la parte de dejar de someterse a la jurisdicción. En general las palabras "comparecencia especial" significan una comparecencia para impugnar la jurisdicción de la corte, ya sobre la persona del demandado, ya sobre su propiedad.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Frank Antonsanti y Francis E. Neagle.*

Abogado de los apelados: *Sr. José Tous Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Se quejan los apelantes de una sentencia en rebeldía dictada contra ellos. Hubo primero una anotación de rebeldía y un juicio de acuerdo al parecer con el artículo 194, párrafo segundo del Código de Enjuiciamiento Civil y una sentencia basada en el mismo. Los apelados sostienen que aun cuando la anotación de la rebeldía no se hubiera hecho debidamente, sin embargo en la fecha del juicio se había hecho la citación por edictos a los demandados por el término que exige la ley y que la sentencia podía estar justificada por virtud de la publicación por el período de cuarenta días sin haber formulado los demandados su contestación.

El párrafo tercero del artículo 194 prescribe que ''En pleitos en que la citación fuere hecha por edictos, una vez vencido el término para la contestación, podrá el demandante, previa prueba de la publicación de los edictos y de no haberse presentado contestación, pedir que se dicte sentencia.'' Los autos de este caso no revelan que se haya hecho alguna petición para que se dicte sentencia basada en la prueba de la publicación. Por el contrario, la sentencia hace referencia a la rebeldía anotada por el secretario y evidentemente que depende de la misma. Además, la moción que por escrito formularon los demandantes iba dirigida al secretario de la corte y en ella se solicitaba la anotación de la rebeldía por virtud de dos distintas razones en ninguna de las cuales estaba envuelta la cuestión relativa a la publicación.

Esta fué una acción de daños y perjuicios seguida contra la mercantil demandada por incumplimiento de contrato por dejar de entregar unos 316 sacos de azúcar, por lo que los demandantes reclamaron daños y perjuicios por la suma de $1,000. Estos solicitaron y obtuvieron un embargo para asegurar la efectividad de la sentencia.

En 2 de octubre, 1914, radicaron los demandados una moción que empieza como sigue:

''Comparece la demandada arriba indicada, H. C. Christianson & Company en el procedimiento iniciado por la demandante para asegurar la efectividad de la sentencia que haya de dictarse caso de que su acción hubiera de prosperar, y sin que esta comparecencia especial pueda considerásela como general, sin aceptar la jurisdicción de este tribunal para conocer de este asunto, expone: * * *.''

Entonces se procede a decir en la moción que el día 25 de septiembre de 1914, los demandantes habían obtenido una orden de embargo para el aseguramiento de sentencia y que con tal motivo el márshal había embargado 194 sacos de azúcar, propiedad de los demandados; y se pidió en dicha moción que fuera disuelto el embargo mediante prestación de una fianza para responder del valor de los 194 sacos de azúcar. La corte, después de considerar la moción de los demandados

y la fianza de $1,200 prestada por ellos, concedió la moción para que se levantara el embargo.

En 16 de noviembre, 1914, los demandantes presentaron una moción dirigida al secretario de la Corte de Distrito de Ponce solicitando la anotación de la rebeldía, en primer lugar, porque los demandados, por medio de su agente, Mr. Calvin Dietrick, habían sido debidamente emplazados, y en segundo lugar, porque por el hecho de la comparecencia que se hizo para disolver el embargo los demandados habían renunciado a la necesidad de una citación.

En enero 5, 1915, el secretario de la corte de distrito anotó la rebeldía basado en que los demandados habían sido emplazados debidamente por medio de su agente en San Juan, Calvin Dietrick, sin haber contestado dentro del plazo legal para hacerlo.

En enero 30, 1915, la corte dictó sentencia en la que exponía brevemente, primero, la parte substancial de la demanda, el hecho relativo a la anotación de la rebeldía, la prueba introducida en el juicio, concediendo a los demandantes la suma de $1,000, y las costas.

En marzo 25, 1915, presentaron los demandados una moción, solicitando que la corte dejara sin efecto todos los procedimientos con posterioridad a la expedición del emplazamiento del caso por no haber adquirido jamás jurisdicción la corte sobre la persona de los demandados.

Al considerarse una sentencia que ha sido dictada en rebeldía el demandante está estrictamente en la obligación de probar que la corte adquirió jurisdicción sobre la persona del demandado. Los hechos alegados en la demanda no pueden ser tomados como establecidos para acreditar la jurisdicción, sino que deben ser probados. En la demanda se alegó, y fué probado en el juicio, que Calvin Dietrick era el agente de los demandados que hizo el contrato con los demandantes que se alega haber sido infringido por los demandados; pero la anotación de la rebeldía se hizo en este caso

sin que en manera alguna se demostrara que Calvin Dietrick era un agente de los demandados a quien podía hacérsele el emplazamiento.   Los demandados sostienen y afirman que el principio que regula los emplazamientos a agentes de corporaciones no es aplicable a ellos.   Ellos deben ser notificados de las diligencias y el emplazamiento hecho a un agente que no se demuestra que ha sido autorizado para aceptar el servicio a nombre de éstos es insuficiente.   No hay precepto alguno en la ley que autorice hacer la notificación a una persona particular, a diferencia de una corporación, mediante el emplazamiento de su agente.

La cuestión principal que ha sido promovida en este caso es, sin embargo, si la corte adquirió jurisdicción sobre los demandados por razón de la comparecencia voluntaria y especial para dejar sin efecto el embargo y sustituir una fianza.

En New York y California parece haberse resuelto que cuando el estatuto define lo que constituye una comparecencia la forma y el efecto de la comparecencia están determinados por el estatuto solamente, si bien en otros Estados como en Nevada y Montana que generalmente siguen a California no aceptan igual doctrina.   Véase la nota, etc., en Adjudicated Forms of Pleading & Practice, página 1827, párrafo 9.   *Steinbach* v. *Leese,* 27 Cal. 295; *Glidden* v. *Packard,* 28 Cal. 649.

Nuestro estatuto es muy parecido al de California, y prescribe lo siguiente:

"Art. 323.—Un demandado comparece en un pleito cuando contesta, opone excepción previa, o notifica por escrito su comparecencia al demandante; o cuando un abogado hace constar su comparecencia por dicho demandado.   Después de la comparecencia, el demandado o su abogado, tendrá derecho a que se le notifiquen todos los procedimientos subsiguientes cuando corresponda.   Pero si el demandado no ha comparecido, no habrá necesidad de que se le hagan las notificaciones o entrega de documentos a menos que se hallare en prisión con motivo del pleito, por falta de fianza."

Ahora bien, la comparecencia de los demandados en este caso, aunque la denominan comparecencia especial, era sin embargo una comparecencia y aviso de comparecencia y parece estar estrictamente comprendida dentro de las prescripciones del artículo 323; en otras palabras, los demandados dieron a los demandantes aviso por escrito de su comparecencia "especial," para un fin determinado, si bien estaba limitada expresamente al procedimiento de embargo. No dejaba de ser una comparecencia porque fuera especial. En este caso los mismos demandados describieron su comparecencia en la acción, o en el procedimiento de embargo, como una comparecencia.

Tenemos, pues, que considerar el efecto que produce el llamar los demandados a su comparecencia "especial." La regla está resumida en el caso de *In re Clarke,* 125 Cal. 392, como sigue:

"De acuerdo con los principios generales la manifestación de que un demandado o parte hace una comparecencia especial no tiene importancia alguna. Si él comparece y solamente se opone a los méritos del caso o a cualquier procedimiento del mismo, no por haber adquirido jurisdicción la corte sobre la persona del demandado, la comparecencia es especial, y no se exige que se haga ninguna manifestación en ese sentido en el aviso o moción ni podría producir efecto alguno si se hiciera. Por otra parte, si comparece y solicita algún remedio que solamente puede concederse a una parte en un caso que está pendiente, o que el mismo sería un procedimiento ordinario en el caso, constituye esto una comparecencia general por mucho cuidado y a pesar de que expresamente se haya dicho que la comparecencia es especial. Es la naturaleza del remedio que se solicita y no la intención de la parte lo que constituirá o no la comparecencia general, que es esencial. (Véase 2 Encyc. of Pl. & Pr. 625, notas, y casos citados.)"

Las autoridades parecen ser de opinión que la única clase de comparecencia especial que existe es aquella en que el demandado comparece solamente para atacar la jurisdicción de la corte y que cualquier otra comparecencia en la acción, aun cuando se le llame especial, no queda sujeta a la inten-

ción de la parte en evitar someterse a la jurisdicción. 2 R.
C. L. 328, 332, Tit. Comparecencias. Words and Phrases,
vol, 7, pág. 6567; 23 Cyc. 685, 686; *Hernáiz, Targa & Co.* v.
*Vivas,* 20 D. P. R. 106; *Ortiz* v. *Gómez,* 21 D. P. R. 507.
Puede decirse que en general la definición de las palabras
"comparecencia especial" es una comparecencia para impug-
nar la jurisdicción de la corte.

Hasta dónde pueden llegar las cortes al considerar esta
cuestión aparece en el caso de *Davis* v. *C. C. C. & St. Louis
Ry. Co.,* 217 U. S. 174, en que se aprueba la regla y se mues-
tra que se extiende hasta una impugnación sobre el dominio
de la propiedad. En otras palabras, una comparecencia es
especial cuando el demandado alega que la corte no ha ad-
quirido jurisdicción sobre su propiedad, así como cuando sos-
tiene que no tiene jurisdicción sobre su persona. La regla
general ha sido observada en esta corte en el caso de *Her-
náiz, Targa & Co.* v. *Vivas,* 20 D. P. R. 106, en el cual se
citan con aprobación los casos de *In-re Clarke, supra,* y otros
de California.

Alegan los apelantes que como el estatuto contiene pa-
labras que enumeran lo que constituyen las comparecencias
excluye cualquier comparecencia a no ser que sea por con-
testación, excepción previa o un aviso por escrito en ese sen-
tido, y hacen especial mención de los casos de California de
*Steinbach* v. *Leese* y *Glidden* v. *Packard,* 28 Cal. 649. En el
primero de estos casos la acción tomada por el demandado
fué apelar de una orden dictada contra él y, por tanto, no
era una comparecencia en el caso. La sentencia no dependía
de su comparecencia. En el último caso la comparecencia
fué claramente especial puesto que los demandados atacaron
el embargo que se había practicado debido a irregularidades.
A juzgar por la opinión del juez Sr. Henshaw en el caso de
*In re Clarke, supra,* puede dudarse razonablemente si las
cortes de California considerarían ahora una comparecencia

semejante a la que discutimos como una comparecencia "especial." La corte dice: "Por lo general uno mismo no puede aprovecharse de la ventaja de ser parte y eludir las responsabilidades," y la corte duda del buen criterio seguido en algunos de los casos más antiguos.

La Corte de Distrito de Ponce y los apelados citan casos para demostrar que al comparecer el demandado para librar los bienes la corte adquiere jurisdicción y citan los apelantes tal vez un número igual en sentido contrario. Creemos que la línea de conducta de esta jurisdicción quedó establecida en el caso de *Hernáiz, Targa & Co.* v. *Vivas, supra.*

La comparecencia de los demandados para obtener el levantamiento del embargo de sus bienes mediante la prestación de una fianza no fué en modo alguno una impugnación a la jurisdicción de la corte sobre los bienes de los demandados. Puesto que la moción para levantar el embargo de los bienes era una comparecencia y como no fué una comparecencia especial, dicha comparecencia era necesariamente general.

Los apelantes también han alegado que dicha comparecencia especial era en un procedimiento colateral, y, por tanto, que no podía ser considerada como una comparecencia en el pleito principal. Pero fué invocada la jurisdicción de la corte en el caso particular y bajo el título preciso para obtener el levantamiento del embargo. El embargo para asegurar la efectividad de la sentencia es parte de la acción aunque sea un incidente de ella.

La orden apelada debe confirmarse.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.