GARCÍA & GONZÁLEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 819.—*Sometido:* Noviembre 3, 1930.—*Resuelto:* Diciembre 24, 1930.

*F. Navarro Ortiz,* abogado del recurrente; el registrador recurrido compareció por escrito.

Eʟ Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

En pleito en cobro de pesos seguido en la Corte de Distrito de Guayama se dictó sentencia condenatoria en rebeldía del demandado y se vendieron fincas que le habían sido embargadas, las que fueron adjudicadas al demandante. Otorgada por el márshal la correspondiente escritura de venta el registrador de ese distrito se negó a inscribirla fundándose en que la corte de distrito no adquirió jurisdicción sobre la persona del demandado antes de dictar sentencia por carecer de validez legal su orden para que el demandado fuese citado por edictos.

La demanda no fué jurada y la orden de citación se fundó en una declaración jurada que presentó el demandante solicitando esa clase de citación, en la que alegó que su demandado no reside en esta Isla sino en una ciudad de los Estados Unidos de América, cuyo nombre dió así como el de la calle y casa en que vive. También consignó el registrador en su negativa un defecto subsanable que no se impugna en este recurso gubernativo.

Para que ordenemos la inscripción negada alega el comprador recurrente que el registrador invadió la jurisdicción de la corte de distrito en un procedimiento civil contencioso y ha tratado de revocar órdenes perfectamente discrecionales en dicho tribunal, dictadas legalmente; y que erró al resolver que la corte no adquirió jurisdicción sobre la persona del demandado.

El artículo 18 de la Ley Hipotecaria dice en su segundo

párrafo que los registradores de la propiedad calificarán, bajo su responsabilidad y para el único efecto de admitir, suspender o negar su inscripción, todos los documentos expedidos por autoridad judicial; y comentando ese precepto hemos dicho en varias ocasiones que esa facultad no se extiende a apreciar los fundamentos de tales resoluciones, o sea la justicia o injusticia intrínseca de las mismas, ni a apreciar si la prueba fué o no suficiente: pero también hemos declarado que su calificación alcanza a si el juez era competente por razón de la material, a la naturaleza y efecto de la resolución, si se dictó en el juicio correspondiente, si en él se observaron los trámites y preceptos esenciales para su validez y si contiene todas las circunstancias que según la Ley Hipotecaria son necesarias para que pueda practicarse la inscripción. *Suárez* v. *Registrador*, y *Cintrón* v. *Registrador*, 35 D.P.R. 740 y 805, respectivamente. Por consiguiente, el registrador pudo examinar si en este caso se cumplieron todos los requisitos exigidos por la ley para poder ordenar la citación del demandado por edictos a fin de adquirir jurisdicción sobre su persona, y si no han sido cumplidos no puede decirse que el registrador está interviniendo con la facultad discrecional que tiene la corte para apreciar la suficiencia de la prueba presentada con tal fin.

■ Dispone el artículo 94 del Código de Enjuiciamiento Civil que cuando la persona que deba ser citada resida fuera de la Isla y así resultare comprobado a satisfacción de la corte o del juez de la misma por medio de declaración jurada y apareciera también de dicha declaración, o de la demanda jurada presentada, que existe motivo de acción contra el demandado que ha de ser citado, o que dicho demandado es parte necesaria o legítima en el pleito, la corte o el juez puede dictar una orden disponiendo que la citación se haga por publicación de edictos.

De acuerdo con ese precepto y por no estar jurada la demanda, la declaración que presentó el demandante debió

contener en este caso dos requisitos bajo juramento para que la orden de citación por edictos pudiera dictarse, a saber, que el demandado no reside en esta Isla y que existe motivo de acción contra él. El primero fué cumplido pero no el segundo y por esto la corte no estuvo autorizada para ordenar la citación por edictos y no adquirió jurisdicción sobre la persona del demandado ni autoridad para vender sus bienes. Si ambos requisitos hubieran sido cumplidos entonces el registrador no hubiera podido intervenir con la aprobación que de la suficiencia de la prueba de éstos hubiera hecho la corte, pero no es éste el caso.

*La negativa de inscripción debe ser confirmada.*