LLULL, RECURRENTE, *v.* EL REGISTRADOR DE LA PROPIEDAD, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Aguadilla denegando la anotación de una prórroga de anotación preventiva dictada por la Corte de Distrito de Aguadilla en un procedimiento de aseguramiento de sentencia.

No. 195.—Resuelto en agosto 1, 1914.

CALIFICACIÓN DE DOCUMENTOS—RECURSO GUBERNATIVO—DOCUMENTOS NO PRESENTADOS AL REGISTRADOR.—Al resolver un recurso gubernativo este tribunal no puede tomar en consideración documentos que no fueron presentados al registrador.

ID.—RESOLUCIONES JUDICIALES—PRÓRROGA DE ANOTACIÓN DECRETADA POR UNA
  CORTE PARA EL ASEGURAMIENTO DE UNA SENTENCIA.—Decretada por un tri-
  bunal con jurisdicción para ello y en un procedimiento adecuado la prórroga
  de una anotación en el registro de la denegatoria a inscribir una escritura,
  para asegurar la efectividad de la sentencia que se dicte en un juicio pen-
  diente ante dicha corte, el registrador no tiene facultades para denegar la
  anotación de dicha resolución judicial por el fundamento de que el plazo de
  120 días fijado por la ley sobre recursos contra las resoluciones de los regis-
  tradores de la propiedad, de marzo 1, 1902, en casos de denegación de ins-
  cripciones, no es prorrogable, ni tiene un tribunal la facultad discrecional de
  prorrogarlo.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José de Diego.*

El Registrador Sr. Rafael Tirado Verrier compareció por escrito en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En el caso civil No. 4666 radicado en la Corte de Distrito de Mayagüez por *Alejo Llull y Nebot, demandante,* v. *Balbina del Carmen Rodríguez y Pedro Perea Fajardo, demandados,* sobre reconocimiento e inscripción de hipoteca, se expidió al Registrador de la Propiedad de Aguadilla un mandamiento que copiado a la letra dice así:

"*Al Registrador de la Propiedad de Aguadilla.*

"En el presente caso, con fecha seis del mes en curso, y a instancia del demandante, para asegurar la efectividad de la sentencia, el Hon. Juez especial de esta corte ha dictado la orden que dice:

" 'De acuerdo con lo solicitado, se decreta la prórroga de la anotación de hipoteca constante al folio 139, tomo 10 de Aguada, finca número 321, cuadruplicado, inscripción 11, en el Registro de la Propiedad de Aguadilla, teniendo vigor dicha prórroga hasta la decisión firme y ejecutoria de este pleito; y líbrese el oportuno mandamiento al registrador, a los efectos procedentes. Firmado: Salvador Mestre, juez especial de este distrito.'

"Y, cumpliendo lo dispuesto en la transcrita orden, expido a Vd. este mandamiento por duplicado, a fin de que se sirva Vd. practicar en el registro a su cargo la anotación que corresponda.

"Mayagüez, a 8 de junio de 1914.

"PASCASIO FAJARDO, JR.,
" (Firmado) GENARO ALTIERY,                              "*Secretario.*
        "*Subsecretario, Corte de Distrito.*"

El registrador denegó la anotación ordenada por medio de nota que transcribimos a continuación:

"Denegada la anotación de la prórroga a que se refiere el precedente documento por no ser prorrogable, según la ley sobre recursos contra las resoluciones de los registradores de la propiedad, aprobada en primero de marzo de mil novecientos dos que lo estableció, el plazo de ciento veinte días fijado para las anotaciones preventivas en casos de denegación de inscripciones, anotaciones o cancelaciones, y no ser discrecional de los tribunales la facultad de prorrogar dicho término, no obstante lo dispuesto en la Sección "H" de la ley sobre efectividad de sentencias, aprobada en la misma fecha; y tomada anotación preventiva que ordena la ley por el término legal, a favor de Don Alejo Llull y Nebot, a los folios 175 y 231 vuelto del tomo 10 de Aguada, finca 321 quintuplicado y 508, anotaciones C y A respectivamente, con los defectos subsanables de no expresarse las circunstancias personales del demandante Sr. Llull y Nebot, ni de los demandados; habiéndose repetido la anotación preventiva por estar fraccionada la finca sobre la que se tomó la anotación preventiva cuya prórroga se solicita. Aguadilla, junio 26 de 1914. El Registrador, Rafael Tirado Verrier."

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto por Alejo Llull y Nebot.

Para sostener el recurso ha presentado también el recurrente, además del mandamiento con la nota de que dejamos hecho mérito, copia certificada de la demanda que originó el mencionado juicio expedida por el Secretario de la Corte de Distrito de Mayagüez en 1°. de julio del corriente año, pero no podemos tomarla en consideración para la resolución del recurso por la razón de que, como lo revela su fecha, el registrador no la tuvo en cuenta al denegar la anotación solicitada.

No es pertinente al caso la cuestión legal planteada por el registrador de si el plazo de 120 días fijado por la Ley de 1° de marzo de 1902 sobre recursos contra las resoluciones de los registradores de la propiedad, para las anotaciones preventivas en casos de denegación de inscripciones, anotaciones o cancelaciones es o nó prorrogable, y sólo examinaremos

como cuestión previa si, tratándose como se trata de una orden
judicial por la que el Juez de la Corte de Distrito de Maya-
güez decretó la prórroga de la anotación de hipoteca de que
se trata para asegurar la efectividad de la sentencia en juicio
ante él pendiente, estaba facultado el Registrador de Agua-
dilla para denegar la anotación de la prórroga a que se refiere
el mandamiento transcrito.

La Ley para Asegurar la Efectividad de Sentencias, apro-
bada en marzo 1°. de 1902, cuyas secciones 3ª. y 6ª. fueron
enmendadas por otra Ley de 12 de marzo de 1903, establece
en su sección 1ª.:

"Sección 1ª.—Toda persona que demandare en juicio el cumpli-
miento de una obligación podrá obtener una resolución del tribunal
que conociere de la demanda, adoptando las medidas procedentes,
según los casos, para asegurar la efectividad de la sentencia que haya
de dictarse en el caso de prosperar la acción ejercitada."

Estatutos Revisados, 1902, p. 178.

La misma ley en su sección 2ª. fija las reglas a que debe
sujetarse el aseguramiento de la sentencia, y concluye así:

"(h) En lo no previsto en las reglas precedentes, el tribunal dis-
crecional y equitativamente adoptará las medidas procedentes para
asegurar la efectividad de la sentencia."

Y la sección 3ª. en la parte no enmendada prescribe lo si-
guiente:

"Sección 3ª.—Ningún aseguramiento de sentencia podrá decre-
tarse sin la presentación de la correspondiente demanda y de la soli-
citud de aseguramiento, con expresión de sus fundamentos de hecho
y de derecho."

La orden de aseguramiento de sentencia fué dictada en
juicio pendiente ante la Corte de Distrito de Mayagüez para
asegurar la efectividad de la sentencia que se dicte como
resultado de dicho juicio, y según los preceptos transcritos
el juez tenía jurisdicción para dictarla; y el registrador no

puede denegarle su cumplimiento, pues la facultad que le reconoce el artículo 18 de la Ley Hipotecaria para calificar todos los documentos expedidos por la autoridad judicial no se extiende a apreciar los fundamentos de las resoluciones judiciales o sea la justicia o injusticia intrínseca de las mismas, como ya dijimos al resolver en 3 de noviembre de 1911 el caso de *Fernández* v. *El Registrador de la Propiedad,* 17 D. P. R., 1061, doctrina ya consignada en resoluciones anteriores y posteriores a la fecha indicada.

Si la orden de que se trata fué errónea no puede decidirlo el registrador, habiendo procedido como procedió el juez dentro de los límites de su jurisdicción y en procedimiento adecuado.

Además, la misma ley para asegurar la efectividad de sentencias marca en su sección 14 el procedimiento que debe seguirse para sustanciar todas las pretensiones que se dedujeren por cualquiera de las partes en el curso del juicio con relación al aseguramiento de sentencia, y la parte o partes interesadas podrán alegar su derecho ante la misma corte que dictó la orden a que nos venimos refiriendo.

La parte recurrente advierte en su alegato que el recurso no se extiende a los defectos subsanables apuntados por el registrador en la nota recurrida, por la razón de que pueden ser remediados en cualquier tiempo.

Por los motivos expuestos es de revocarse la nota del Registrador de la Propiedad de Aguadilla en la parte en que ha sido recurrida y ordenarse a dicho registrador que verifique la anotación denegada.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.