JACINTO SUÁREZ MIGOYA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 644.—*Sometido:* Junio 12, 1926. *Resuelto:* Julio 14, 1926.

1. REGISTRADORES—FACULTADES—CALIFICACIÓN DE DOCUMENTOS EXPEDIDOS POR LA AUTORIDAD JUDICIAL—CUESTIONES RESUELTAS POR LOS TRIBUNALES—REVISIÓN DE LAS CUESTIONES DE HECHO O DE DERECHO RESUELTAS.—Fundada la negativa de inscripción de una partición de bienes y adjudicación al recurrente en que la resolución judicial en que se basa la partición es nula por error de derecho en la aplicación de la ley, y siendo ésta materia vedada al registrador, dicho motivo de negativa de inscripción no puede ser sostenido.

2. PARTICIÓN DE BIENES—RESCISIÓN—PRECEPTOS ESTATUTORIOS—INTERPRETACIÓN.—El artículo 1041 del Código Civil se refiere a lesión en la partición de la herencia.

3. PARTICIÓN DE BIENES—PARTICIÓN POR ACTO DE LAS PARTES—INSCRIPCIÓN—FUNDAMENTOS QUE NO IMPIDEN LA INSCRIPCIÓN—LESIÓN, EN ADJUDICACIÓN DE BIENES DADOS NO COMO HERENCIA SINO EN POSESIÓN PROVISIONAL.—Fundada la negativa de inscripción de una partición de ·bienes y adjudicación al recurrente en que se adjudican a los presuntos herederos de un ausente una porción hereditaria de éste en proporción tal que se ocasiona una lesión para uno de los herederos en más de un cuarto de su haber, ese fundamento no impide la inscripción ya que los bienes que correspondían al ausente de que se trata se entregan a sus presuntos herederos no como herencia sino en posesión provisional y no puede haber lesión en una herencia que no ha sido abierta por desconocerse el hecho de la muerte del causante.

NOTA de *R. B. Pérez Mercado,* R. (Guayama), denegando inscripción de escritura de partición de bienes. *Revocada.*

*Eduardo Acuña Aybar, Heriberto Torres Solá y Lucien Longchamps,*
    abogados del recurrente; el recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

Don Lino Saldaña Skerrett se ausentó de esta Isla hace
unos treinta y tres años estando casado con doña María del
Carmen Ortiz de Zárate y teniendo dos hijas de su matri-
monio nombradas Isabel y Angela, de apellidos Saldaña y
Ortiz de Zárate. Una de las hijas, Angela, murió en 1924
estando casada con don Jacinto Suárez Migoya, sin dejar
descendientes ni testamento, habiendo sido declarados judi-
cialmente herederos suyos sus padres en plena propiedad de
por mitad para uno de ellos en dos terceras partes de sus
bienes y en nuda propiedad del tercio restante en cuyo usu-
fructo fué declarado heredero su viudo don Jacinto Suárez
Migoya, ordenándose en la misma resolución que por la au-
sencia e ignorado paradero del heredero don Lino Saldaña
Skerrett de existencia indeterminada su porción hereditaria
no debe acrecer a sus coherederos de acuerdo con el artículo
125 del Código Civil en razón a que existen su hija Isabel
y su esposa doña María del Carmen Ortiz de Zárate con de-
recho a reclamarla, a cuyas personas, de conformidad con el
artículo 104 y siguientes del Código Civil, como presuntos
herederos corresponde la posesión provisional de la cuota
del ausente por lo que se dispuso que la porción hereditaria
del ausente sea entregada en posesión provisional a su hija
Isabel Saldaña Ortiz de Zárate y a su esposa doña María
del Carmen Ortiz de Zárate para que como presuntos here-
deros del ausente la conserven y disfruten, la primera en la
cuota de dos tercios en plena propiedad, y la última en usu-
fructo del tercio restante.

Practicadas las operaciones particionales de los bienes de
doña Angela Saldaña Ortiz de Zárate por las personas antes
nombradas, todas mayores de edad, fué adjudicado en ellas
a su viudo don Jacinto Suárez Migoya un crédito hipotecario

de $3,000 y cuando trató de que fuera inscrito a su favor el
registrador de la propiedad le negó la inscripción por los
siguientes motivos:

"DENEGADA la inscripción del documento que precede, con vista
de otros documentos complementarios, y en cuanto al crédito hipo-
tecario de tres mil dollars que se describe en el inventario que grava
una finca del Municipio de Cayey, perteneciente a la demarcación
de este Registro, por los motivos de que, la resolución dictada por
la Corte de Distrito, Segundo Distrito Judicial de San Juan con fe-
cha 9 de mayo de 1925, la cual debió servir de base para la parti-
ción, es nula y sin ningún valor ni efecto en cuanto a lo relativo a
la herencia del ausente Lino Saldaña y Skerrett por incurrirse en un
error de derecho al hacerse aplicación del Art. 125 del Código Civil
de P. R., y disponer que los bienes del ausente, de existencia. inde-
terminada fueran puestos en la posesión provisional de sus presun-
tos herederos, toda vez que de acuerdo con dicho artículo los dere-
chos del ausente acrecen a sus coherederos a no haber persona con
derecho propio a reclamarlos, sin perjuicio del Art. 124 que le pre-
cede, de acuerdo con el cual, el que reclame un derecho que perte-
nezca a un ausente de existencia desconocida, deberá probar que
dicha persona existía en el tiempo en que se originó el derecho de
que se trata, y no habiéndose probado la existencia del ausente en
este caso, ni existiendo a favor de sus presuntos herederos el derecho
de representación por no darse este derecho en la línea recta ascen-
dente, ha debido adjudicarse toda la herencia a su esposa y cohere-
dera Carmen Ortiz de Zárate, sin perjuicio de las acciones estable-
cidas en el Art. 126 del mismo cuerpo legal, no obstante lo cual, de
acuerdo con la aludida resolución se adjudica el haber del ausente
Lino Saldaña y Skerrett en posesión provisional a sus presuntos
herederos Carmen Ortiz de Zárate e Isabel Saldaña Ortiz Zárate
esposa e hija respectivamente, que en participación distinta a la or-
denada en la resolución, pues se adjudica la herencia en proporción
de ¾ partes para la primera y una ¼ parte para la última, lo cual
no es menos erróneo que lo dispuesto en la resolución referida, no
ya tan sólo por los mismos fundamentos que se consignan para de-
terminar la ilegalidad de la expresada resolución, sino también ade-
más, porque en la hipótesis de corresponder la herencia a los pre-
suntos herederos en posesión provisional, la proporción en que la
misma se ha dividido, o sea ¾ partes para la esposa y una ¼ para
la hija, no se ajusta a la proporción que ordena la resolución, la
cual sería la de ley en tal caso, ocasionando tanto la distribución

ordenada por la resolución como la practicada en la partición, una lesión para la heredera perjudicada Carmen Ortiz de Zárate de más de la ¼ parte de su haber, por cuya circunstancia la partición es rescindible de acuerdo con el Art. 1141 del Cód. Civil, tomándose en su lugar anotación preventiva por el término legal a favor del heredero adjudicatario Jacinto Suárez Migoya al folio 54 del tomo 38 de Cayey, finca No. 477 duplicado, anotación letra A, consignándose además el defecto subsanable en cuanto a la resolución sobre declaratoria de herederos se refiere, de que en la hipótesis de que la misma fuere legal y errónea la calificación hecha, en ella no se dispone de la nuda propiedad del tercio que se ordena adjudicar a Carmen Ortiz de Zárate en usufructo.''

[1] En el recurso gubernativo que contra esa negativa ha interpuesto don Jacinto Suárez Migoya alega en oposición a la negativa de inscripción, en cuanto el registrador estima la resolución judicial nula, ineficaz y contraria a la ley, que dicho funcionario no está autorizado para examinar los fundamentos de esa resolución, o sea su justicia o injusticia intrínseca, ni para apoyarse en la apreciación que le merezca la legalidad de sus fundamentos para el efecto de denegar inscripciones.

El artículo 18 de la Ley Hipotecaria autoriza a los registradores de la propiedad para calificar bajo su responsabilidad y para el único efecto de admitir, suspender o negar su inscripción o anotación, todos los documentos expedidos por autoridad judicial; disposición que hemos considerado en varias decisiones, entre ellas en el caso de *Ramírez* v. *El Registrador*, 16 D.P.R. 349, y más concretamente en el caso de *Fernández* contra *El Registrador*, 17 D.P.R. 1061, en el que como consecuencia de la facultad concedida por el artículo 18 citado, declaramos que los registradores pueden calificar si el juez era competente por razón de la materia, la naturaleza y efectos de la resolución, si se dictó en el juicio correspondiente, si en él se observaron los trámites y preceptos esenciales para su validez y si contiene todas las circunstancias que según la Ley Hipotecaria son necesarias para que pueda practicarse la inscripción, pero que esa fa-

cultad no se extiende a apreciar los fundamentos de tales resoluciones, o sea la justicia o injusticia intrínseca de las mismas ni a apreciar si la prueba fué o no suficiente; decisión que ha sido seguida en los casos de *Compañía Azucarera, etc.,* v. *El Registrador,* 19 D.P.R. 162; *Llul* v. *El Registrador,* 21 D.P.R. 376; *Carrillo* v. *El Registrador,* 21 D.P.R. 435, y otros más de los tomos 22, 23 y 25 de nuestras decisiones.

Según la nota recurrida el fundamento principal para negar la inscripción es que la resolución judicial en que se basa la partición de bienes y adjudicación al recurrente es nula y sin valor ni efecto en lo relativo a la herencia del ausente, o mejor dicho, a la cuota hereditaria del ausente, por error de derecho en la aplicación del artículo 125 del Código Civil al disponer que los bienes del ausente sean entregados provisionalmente a su hija, y a la esposa en el usufructo de un tercio, cuando toda la cuota hereditaria del ausente debe acrecer a su esposa como coheredera con el de su hija fallecida, lo que demuestra que el registrador se funda para su negativa en ser injusta la resolución por error en la aplicación de la ley, materia que está vedada al registrador, pues si tal facultad tuviera se convertiría en un juzgador de todas las resoluciones de los tribunales, cualquiera que fuere su gerarquía. Por consiguiente, ese motivo de negativa de inscripción no puede ser sostenido.

[2, 3] Otro fundamento de la negativa de inscripción es que en la partición se adjudican tres cuartas a la hija del ausente y una cuarta a la esposa, distintas a la ordenada por la resolución judicial, ocasionándose así una lesión para la esposa heredera de más de un cuarto de su haber por lo que la partición es rescindible de acuerdo con el artículo 1141, dice la nota, pero debe ser 1041 del Código Civil. Ese fundamento no impide la inscripción porque no entregándose los bienes que corresponderían a don Lino Saldaña a su hija y a su esposa como herencia sino en posesión provisional,

no puede haber lesión en una herencia que no ha sido abierta por desconocerse el hecho de la muerte del causante. El artículo 1041 citado se refiere a lesión en la partición de la herencia.

También hace constar el registrador en su negativa como defecto subsanable que en la resolución nada se dispone sobre la nuda propiedad del tercio que en usufructo se ordena entregar a la esposa de don Lino Saldaña, pero como en la resolución no se ha hecho la declaratoria de herederos del ausente porque no consta su muerte y solamente se manda a entregar su cuota hereditaria en posesión provisional, cuando aquélla se haga, si don Lino Saldaña ha llegado a heredar a su hija Angela, será la ocasión de determinar la resolución a quien corresponde la nuda propiedad de lo que en usufructo corresponda a la madre.

*La nota recurrida debe ser revocada y ordenarse la inscripción solicitada.*