BAUDILIA RODRÍGUEZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 849. *Sometido:* Junio 5, 1931. *Resuelto:* Febrero 17, 1932.

*L. Tirado Géigel,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En 25 de octubre de 1930, Baudilia Rodríguez presentó al Registro de la Propiedad de Mayagüez un mandamiento de embargo, contra una finca perteneciente a Gabriel Palerm, demandado en el litigio en que se libró el embargo. El mandamiento fué expedido por el secretario de la corte de distrito. El Registrador de Mayagüez se negó a inscribir el mandamiento por el fundamento de que se trata de una orden de la corte en términos generales, ejecutada por el secretario de la misma, quien carece de facultades para tales actos. Baudilia Rodríguez recurrió para ante esta corte y la actuación del registrador fué confirmada (42 D.P.R. 104). Al negarse a inscribir el mandamiento del secretario de la corte de distrito el registrador, de conformidad con la ley, tomó anotación preventiva por 120 días. La apelación de Baudilia Rodríguez fué entablada cinco días antes de expirar esta anotación preventiva. Dentro de cinco días después de confirmada la nota del registrador, la Sra. Rodríguez presentó al Registro de la Propiedad de Mayagüez un mandamiento librado por el márshal de la Corte de Distrito de Mayagüez. El registrador se negó a inscribir este nuevo mandamiento a virtud de una nota que lee como sigue:

"Denegada la conversión en anotación definitiva de la anotación preventiva por ciento veinte días tomada en este caso que se solicita, por el fundamento de que habiendo sido tomada dicha anotación el 27 de octubre de 1930, cuando se presentó este documento, o sea el 10 de abril de 1931, había transcurrido con exceso dicho término y por que si bien es verdad que la recurrente, en vez de corregir el defecto apuntado en el mandamiento original de este embargo dentro del término de dicha anotación, apeló de la nota de este Registrador Sustituto para ante el Honorable Tribunal Supremo, haciendo constar marginalmente en dicha anotación la existencia de tal recurso, no es menos cierto que éste se resolvió confirmando la nota al Registrador, sin que la nota marginal referida, que, dicho sea de paso, no está autorizada por la Ley Hipotecaria ni por su Reglamento, haya podido tener el alcance de interrumpir el término de 120 días por el cual fué tomada la anotación en 27 de octubre de 1930, y TOMADA ANOTACIÓN preventiva, en su lugar,

por 120 días a todos los efectos legales procedentes a favor de la demandante Baudilia Rodríguez, todo ello al folio 173 vto. del tomo 38 de Añasco, finca número 1636, anotación letra B. M'ayagüez, abril 10 de 1931.

(Fdo.) A. Nazario Lugo.''

La recurrente sostiene que el efecto de la anotación preventiva quedó en suspenso con motivo de la apelación y que por consiguiente ella tenía cinco días después de la confirmación de la nota para presentar el nuevo mandamiento al registro de la propiedad. La recurrente se basa en el artículo 66 de la Ley Hipotecaria que en verdad suspendió el transcurso del término y permitía a los recurrentes de ciertas actuaciones del Registrador tratar de subsanar los defectos. La aquí recurrente también dijo que el período de esta suspensión fué extendido a ciento veinte días a virtud de Ordenes Generales.

Empero, el registrador en un elaborado alegato nos convence de que bajo el aludido artículo 66 solamente podían suspenderse en esa forma los defectos subsanables, y nos cita autoridades al efecto de que dicha suspensión nunca podía ser aplicable a un defecto que fuera insubsanable. Galindo y Escosura, Comentarios a la Legislación Hipotecaria de España, tomo 2, páginas 588 *et seq.*; Morell, Comentarios a la Legislación Hipotecaria, tomó 3, páginas 296 *et seq.* La última autoridad mencionada es un comentario a nuestro propio sistema hipotecario, al cual nos referiremos un poco más tarde.

Tratándose de defectos insubsanables, la anotación preventiva no puede ser otra cosa que un aviso a terceras personas de la reclamación del presentante. La presentación de un documento que no es inscribible no puede otorgar al presentante mayores derechos. Lo más que puede esperar es, según indica J. Morell y Terry, notificar a terceros de la reclamación. La recurrente por vía de argumentación dice que si ella no tenía el privilegio de suspender el efecto de la anotación preventiva podrían surgir las reclamaciones de otras

personas tal cual ha sucedido en este caso específico. Ella llama nuestra atención al hecho de que el deudor Palerm, mientras el supuesto embargo estaba pendiente, vendió la propiedad. En nuestra opinión, suponiendo que la venta fuera genuina, que es generalmente el caso, lejos de ayudar a la recurrente, el derecho de una persona que embargue no podría ser superior a los de aquella que fué primera en tiempo. Equivale a lo mismo *in pais* que el registrador sostiene, a saber, que nadie puede esperar que terceras personas sean afectadas por más del período de 120 días de la anotación. Sería duro para el público en general si un embargo defectuoso o cualquiera otra cosa pudiera suspender indefinidamente los derechos de otros a inscribir.

Vamos un poco más lejos. Aun si el registrador hubiese asentido a la inscripción de este mandamiento por conducto del márshal, librado después de Palerm efectuar la venta, la Sra. Rodríguez no podía haber obtenido derechos superiores por lo que podría calificarse de inscripción accidental en el registro. En lo que concernía a la Sra. Rodríguez y a la persona que adquirió de Palerm, si esta última fué primera en tiempo, sus derechos, de tenerlos, no podían ser destruídos por tal inscripción.

[3] El registrador sostiene que el artículo 66 de la Ley Hipotecaria ha sido derogado, pero que aun si hubiese estado en vigor, de conformidad con el artículo 82 del Reglamento, la pendencia del recurso gubernativo debió anotarse al margen del asiento de presentación a fin de obtener efecto suspensivo, y parece que tiene razón.

*Debe confirmarse la nota recurrida.*