HARRY N. BAETJAR et als., recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 939.—*Resuelto:* Abril 4, 1935.

*E. T. Fiddler* y *Jorge Morales,* abogados de los recurrentes; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Pende de resolución en este caso una moción presentada por los recurrentes en solicitud de una orden prorrogando el término de ciento veinte días durante los cuales tendría efecto legal la anotación preventiva tomada por el registrador al negarse a inscribir la documentación de que en el mismo se trata, por haber transcurrido dicho término sin que se haya resuelto aún por este tribunal si debe o no inscribirse la expresada documentación.

Como no se citara ley ni jurisprudencia en apoyo de la moción, se acordó oír por escrito tanto a los recurrentes como al registrador sobre el particular.

Los recurrentes sostienen que habiéndose resuelto por esta Corte Suprema en el caso de *Rodríguez* v. *Registrador,* 43 D.P.R. 130 que ''Recurrida gubernativamente la calificación de un registrador dentro del período estatutorio de una anotación preventiva tomada al denegar inscripción de un documento por una falta insubsanable, el recurso no interrumpe el término de la anotación'', se hace necesario que este tribunal actúe, prorrogando el término, a fin de que sus derechos no queden perjudicados por la dilación en la resolución del recurso.

El registrador, tras un estudio cuidadoso de la cuestión suscitada, concluye sosteniendo que el artículo 96 de la Ley Hipotecaria quedó derogado tácitamente por la Ley sobre Recursos Gubernativos de 1902 y que aún cuando no hubiese quedado derogado, sino enmendado por la referida ley, el

derecho de prorrogar por el mismo establecido sólo podría ejercitarse a los fines de la subsanación del defecto que motivara la no inscripción del documento, pero nunca con el propósito de mantener el "status quo" mientras se resolviera el recurso contra la calificación del registrador.

No hay precepto alguno que resuelva directamente el problema. Sólo existe el indicado artículo 96 de la Ley Hipotecaria que dice:

"La anotación exigida a consecuencia de no poderse verificar la inscripción por defectos subsanables del título presentado, caducará a los sesenta días de su fecha.

"Este plazo se podrá prorrogar hasta ciento ochenta días por justa causa, y en virtud de acuerdo gubernativo del Presidente de la Audiencia del territorio, a no ser cuando el título presentado emane de providencia judicial, en cuyo caso sólo podrá prorrogarse por otra de igual clase."

Ese artículo parte de la base de anotaciones hechas a virtud de negativas por defectos subsanables. Desde 1902 en que se aprobó la indicada Ley sobre Recursos Gubernativos no se niega la inscripción por defectos subsanables, sino por defectos que el registrador considera insubsanables. El sistema ha variado. ¿Subsiste la facultad de prorrogar la anotación en cuanto a las actuales negativas? Creemos que la necesidad y la justicia exigen que esa pregunta se conteste en la afirmativa.

Actualmente, de acuerdo con la sección 7 de la repetida Ley sobre Recursos Gubernativos, Comp. 1911, pág. 451, cuando el registrador se niega a inscribir un documento, deberá extender una anotación preventiva que tendrá efecto legal durante ciento veinte días.

El legislador estimó que ese plazo era suficiente para que dentro de él, pudiera resolverse por el Tribunal Supremo si el registrador estaba o no acertado en su negativa y al efecto fijó en las secciones 2 y 3 de la ley breves términos para la interposición y resolución de los recursos. La experiencia, sin embargo, ha demostrado que si bien ello es así en la in-

mensa mayoría de los casos, en algunos el término no es bastante, como sucede en este mismo que estamos considerando.

Aquí la negativa del Registrador tiene fecha 6 de noviembre, 1934. Se notificó a los recurrentes el 13 de dicho mes y establecido por éstos el recurso, la documentación quedó radicada en la Secretaría de esta Corte Suprema el 1º de diciembre. El 4 de diciembre el propio registrador pidió prórroga para presentar su alegato, petición que renovó el 22 de diciembre y el 24 de enero, quedando archivado finalmente el documento el 6 de febrero, 1935. Contiene 156 páginas. Los recurrentes solicitaron entonces que se les permitiera contestar el alegato del registrador y su contestación fué radicada en marzo 11. Pidió replicar el registrador en marzo 12 y se le concedió para ello hasta el 30 de marzo en que en efecto radicó su réplica. Se trata al parecer de cuestiones trascendentales y el hecho cierto es que transcurrieron los ciento veinte días que fija la sección 7 de la Ley sobre Recursos Gubernativos de 1902 sin que el recurso se sometiera siquiera definitivamente a la decisión de esta corte.

Siendo ésa la realidad de los hechos, no habiendo expresado el legislador que el término que fijara en la repetida sección 7 de la Ley de 1902 fuera improrrogable y existiendo el precedente del artículo 96 para una situación que si bien no es igual a ésta tiene con ella semejanza, creemos que la prórroga procede, debiendo seguirse para concederla la pauta trazada por la Ley Hipotecaria en el repetido artículo 96, y sus concordantes del Reglamento.

En el caso de *Llull* v. *Registrador,* 21 D.P.R. 372, en el que en cierto pleito seguido en la Corte de Distrito de Mayagüez se decretó la prórroga de una anotación practicada en el Registro de la Propiedad de Aguadilla y el registrador se negó a verificar la anotación de prórroga por ser a su juicio improrrogable el término de ciento veinte días fijado por la sección 7 de la repetida Ley de 1902, esta corte revocó la negativa y ordenó al registrador que verificara la anotación que había negado.

El caso no puede invocarse como precedente, porque en verdad esta corte sólo decidió que tratándose como se trataba de una orden judicial dictada con jurisdicción no estaba facultado el registrador para negarse a cumplirla. Se cita simplemente como ilustrativo de la necesidad que surge a veces de prorrogar por justa causa el término de la anotación.

A otra cuestión se refirió el registrador en su informe, o sea a la de que habiéndose solicitado la prórroga después de vencido el término no cabe concederla. Tiene razón. El término no puede prorrogarse, pero como de acuerdo con la ley actualmente en vigor tienen los tribunales facultad para conceder, si la justicia lo exige, nuevos términos, puede accederse siempre a lo solicitado, y así se hará en este caso que se considera meritorio.

*Por virtud de todo lo expuesto, debe dictarse una orden extendiendo hasta el 31 de mayo, 1935, los efectos legales de la anotación tomada en el Registro de la Propiedad de Guayama al folio 57 del tomo 80 de Cayey, finca No. 2953, anotación letra A, con motivo de la negativa contra la que se interpuso este recurso gubernativo dentro del cual se ha presentado la moción que dejamos considerada y resuelta.*