José A. Ortiz, haciendo negocios bajo el nombre de J. A. Ortiz & Cía., S. en C., demandante y apelado, *v.* The Crescent Trading Co. y Luis A. Pereira como Gerente de la misma, demandados y apelantes.

Núm. 9732.—*Sometido:* Diciembre 1, 1948. *Resuelto:* Enero 21, 1949.

*H. González Blanes,* abogado de los apelantes; *Eduardo Urrutia Martorell,* abogado del apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

En este caso se dictó sentencia en rebeldía por el Tribunal del Distrito de San Juan después de haber oído la prueba del demandante. Veinte días después de dictada la sentencia, los demandados radicaron una moción solicitando se dejase sin efecto, se anulara la rebeldía anotada, se les permitiera radicar la contestación que acompañaban y se abriera el caso para juicio, todo ello de acuerdo con la Regla 60(*b*) de las de Enjuiciamiento Civil. El demandante se opuso y celebrada una vista la corte declaró sin lugar la moción. Solicitada la reconsideración, también fué denegada. Los demandados apelaron y alegan que la corte inferior erró 1°. al no declarar con lugar su impugnación a la jurisdicción del tribunal inferior sobre los demandados por defectos en el procedimiento utilizado para la citación constructiva y 2°. al negarle a los demandados la oportunidad de presentar el caso en sus méritos, a virtud de las Reglas 55(*c*) y 60(*b*) de las Reglas de Enjuiciamiento Civil.

Los hechos, sucintamente expuestos, son los siguientes:

La demanda se radicó el 16 de septiembre de 1946. Se expidió el emplazamiento el cual fué devuelto por el márshal al día siguiente con un diligenciamiento negativo en el cual hizo constar que había enviado por correo a los demandados a su dirección en Nueva York copias de la demanda, del emplazamiento, de la orden de embargo y de la notificación del

mismo con especificación de los bienes embargados. El 24 de septiembre el demandante solicitó de la corte la citación de los demandados mediante la publicación de edictos y así lo ordenó la corte en esta forma:

"Resolviendo la moción del demandante, registrada el día _____ de septiembre de 1946, y habiéndose satisfactoriamente comprobado por medio de la demanda, *Affidavit* de Mérito que acompaña dicha moción y por el diligenciamiento negativo del emplazamiento archivado por el márshal, que el demandante tiene causa de acción contra los demandados; y que les han sido embargados bienes por la demandante para asegurar la efectividad de la sentencia que en definitiva pueda dictarse, el tribunal declara con lugar dicha moción y ordena que la citación y el emplazamiento se haga por la Secretaría de esta Corte, por medio de la publicación de edictos, con las inserciones necesarias, en el periódico de San Juan, "La Democracia" que es uno de los de mayor circulación, debiendo hacerse la publicación por el término de cuarenta días una vez cada semana, y contando dichos cuarenta días desde la publicación del último edicto."

Sostienen los apelantes que la corte no adquirió jurisdicción sobre ellos debido a que no se cumplió estrictamente con las disposiciones de la Regla 4(e) de las de Enjuiciamiento Civil para la citación constructiva mediante la publicación de edictos, ya que en la orden antes transcrita la corte no dispuso que al tiempo de hacerse la primera publicación del edicto se le dirigiera a los demandados, por correo certificado, una copia del emplazamiento y de la demanda y además una notificación del embargo trabado, no siendo suficiente el hecho de que el márshal al diligenciar negativamente el emplazamiento hubiera hecho constar que le había enviado dichos documentos por correo a los demandados en New York.

■■ Tienen razón, a nuestro juicio, los apelantes. La Regla 4(e) de las de Enjuiciamiento Civil, en la cual se han vaciado, ampliándolas, las disposiciones de los artículos 94 y 95 del Código de Enjuiciamiento Civil, *Autoridad de Fuentes Fluviales* v. *Corte*, 65 D.P.R. 480, 484; *Emanuelli* v. *Po-*

*ventud, Juez,* 62 D.P.R. 732, provee lo que, en casos de esta naturaleza, debe contener la orden de la corte, a saber:

"La orden dispondrá que la publicación se haga en un periódico, designándose el que con más probabilidad sirva para notificar a la persona que deba ser emplazada, por un período de tiempo razonable, a lo menos una vez por semana; pero el emplazamiento por edictos contra el demandado residente fuera de la Isla, o ausente de ella, no será por menos de un mes. *La orden dispondrá también que al tiempo de hacerse la primera publicación del edicto se le dirija al demandado, por correo certificado, una copia del emplazamiento y de la demanda presentada, al lugar de su última residencia conocida* a no ser que se justifique por declaración jurada que a pesar de los esfuerzos realizados, con expresión de éstos, no ha sido posible localizar residencia alguna conocida del demandado, en el cual caso la corte en la orden excusará el cumplimiento de esta disposición. Cuando se ordenare la publicación, la entrega personal de copia del emplazamiento y de la demanda fuera de la Isla, equivale a la publicación, debiendo sin embargo cumplirse en todo caso con el requisito de enviarse al demandado por correo certificado, la copia del emplazamiento y de la demanda, según se provee anteriormente. En cualquiera de los dos casos la diligencia del emplazamiento se considerará bien hecha al terminar el tiempo fijado en la orden para la publicación." (Bastardillas nuestras.)

Dispone, además, el último párrafo de dicha regla, lo siguiente:

"En los casos en que de acuerdo con la ley se requiera un embargo de bienes del demandado para que la corte adquiera jurisdicción, no se ordenará la publicación mientras no se hubiere trabado dicho embargo y se una a los autos constancia de ello, debiendo notificarse el embargo trabado al demandado en el mismo edicto en el que se publique la citación, y por *correo, cuando de acuerdo con esta regla se le envíe copia del emplazamiento y de la demanda presentada.*" (Bastardillas nuestras.)

El apelado admite que en la orden dictada por la corte inferior no se dispuso, que al hacerse la primera publicación del edicto, se le enviaran a los demandados, por correo certificado, copias de los documentos mencionados en la regla y como cuestión de hecho, no se les enviaron. Empero, arguye

el apelado, que habiéndolo hecho el márshal al no poder emplazar a los demandados y apareciendo esto del diligenciamiento negativo del emplazamiento, "la corte excusó *implícitamente* el cumplimiento de dicha disposición, porque *a priori* ya se había cumplido con tal mandato de la regla. . ."

No tiene razón. Las disposiciones de la Regla 4(*e*), antes artículos 94 y 95 del Código de Enjuiciamiento Civil, hay que cumplirlas estrictamente para que la corte adquiera jurisdicción sobre la persona de un demandado que ha sido emplazado por edictos, *Emanuelli* v. *Poventud, Juez,* supra; *Autoridad de Fuentes Fluviales* v. *Corte,* supra y *Vázquez* v. *Corte Municipal,* 52 D.P.R. 257, donde se hace un resumen de la jurisprudencia aplicable. No se trata de un caso en el cual la corte pueda ejercitar su discreción eximiendo el cumplimiento de algunos de los requisitos exigidos por la Regla 4(*e*). Si no puede hacerlo expresamente, menos aun puede hacerlo implícitamente. La actuación anticipada y no autorizada del márshal enviando por correo ordinario a los demandados las copias de los documentos especificados en la regla, no autorizaba a la corte para eximir del cumplimiento estricto de que dicho envío se hiciera por correo certificado después de la primera publicación del edicto. Es más, la propia regla dispone que aun en el caso de que se hubiera hecho la entrega personal de copia del emplazamiento y de la demanda fuera de la isla, debe siempre "cumplirse en todo caso con el requisito de enviarle al demandado por correo certificado, la copia del emplazamiento y de la demanda, según se provee anteriormente." Y lo mismo hay que hacer con la notificación del embargo.

En el caso de *Matos* v. *Agraít, Juez,* 59 D.P.R. 291, no obstante haberse cumplido con todos los requisitos del artículo 95 del Código de Enjuiciamiento Civil concerniente a la publicación, resolvimos que la corte no había adquirido jurisdicción sobre el demandado debido a que el secretario no expidió previamente la citación o emplazamiento de

acuerdo con el artículo 88 del mismo cuerpo legal y, aun cuando dijimos que parecería duro que se anulara todo lo actuado, así debía ser "porque dependiendo la jurisdicción de la corte sobre la persona del demandado de su citación, ésta debe expedirse y practicarse cumpliéndose estrictamente con la ley."

■■ No importa el hecho de que los demandados en realidad recibieran los documentos enviados por el márshal y que nombraran un abogado en Puerto Rico para que los representara, ni las circunstancias que mediaran que impidieron que dicho letrado compareciera antes de anotarse la rebeldía de los demandados y se dictara sentencia en su contra en la misma forma. El hecho de que los demandados tuvieran conocimiento de la notificación del emplazamiento y demás documentos no convalida el emplazamiento por edictos si, como sucedió en este caso, no se cumplió con la Regla 4(e). *Berryhill* v. *Sepp,* 119 N. W. 404 (Minn. 1909) en donde se resolvió que el hecho de que se pruebe que se tenía conocimiento de que se había tratado de emplazar personalmente o en forma constructiva, no constituye prueba de que se emplazó, pues la notificación del emplazamiento debe cumplir estrictamente con el estatuto. Y ya resolvimos en el caso de *Autoridad de Fuentes Fluviales* v. *Corte,* supra, que "el conocimiento efectivo de un pleito no confiere jurisdicción sobre la persona de una de las partes del pleito, es necesario que se haga el emplazamiento de conformidad con los términos específicos de un estatuto válido. [Citas]." La realidad es que, al comparecer por primera vez, amparándose en la Regla 60(b), la cual en su apartado (2) y por tratarse de un caso en que no se había emplazado a los demandados personalmente, autorizaba a la corte a permitirles "en cualquier tiempo dentro de seis meses de registrada la resolución en dicha acción" contestar la demanda en sus méritos. Comprobado el hecho de que la corte actuó sin jurisdicción sobre los demandados al dictar la sentencia en rebeldía era su deber dejarla sin efecto.

*Deben revocarse las resoluciones apeladas, anularse la sentencia dictada en rebeldía, y devolverse el caso a la corte inferior con instrucciones de que admita la contestación radicada y para ulteriores procedimientos.*