Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>*Recurrido*<br><br>v.<br><br>LUIS MANUEL VÁZQUEZ NEGRÓN Y OTROS<br><br>*Peticionario* | KLCE202400425 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br>Caso Núm.: GB2023CV00499 (Salón 202)<br><br>Sobre: Cobro de Dinero- Ordinario y otros |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 20 de mayo de 2024.

Comparecen ante nos Luis Manuel Vázquez Negrón (señor Vázquez Negrón) y Luis Vázquez Investment, Inc. (Vázquez Investment) (en conjunto, parte peticionaria) mediante *Petición de Certiorari* presentada el 11 de abril de 2024, en la cual nos solicitan la revisión de la *Resolución* emitida el 8 de febrero de 2024, notificada el día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Guaynabo. Mediante el aludido dictamen, el foro primario determinó que la parte peticionaria fue debidamente emplazada.

El 1 de marzo de 2024, la parte peticionaria presentó una *Moción de Reconsideración,* la cual fue declarada No Ha Lugar mediante *Orden* emitida el 11 de marzo de 2024, notificada el 12 del mismo mes y año.

Por los fundamentos que exponemos a continuación, **expedimos** el auto de *certiorari* y **confirmamos** el dictamen recurrido.

Número Identificador

SEN2024_____

**I.**

El 8 de junio de 2023, el Banco Popular de Puerto Rico (parte recurrida o Banco Popular) presentó una *Demanda*[1] sobre cobro de dinero y ejecución de hipoteca contra la parte peticionaria. En esencia, alegó que en o alrededor del 21 de noviembre de 2005, el señor Vázquez Negrón suscribió un pagaré por la suma de $92,000.00 más intereses al 6.625% anual y demás créditos accesorios por endoso. Como garantía de este pagaré, la parte peticionaria constituyó una hipoteca voluntaria sobre una propiedad inmueble ubicada en el municipio de Guaynabo, Puerto Rico. En la demanda se incluyó a Vázquez Investment como codemandado exclusivamente por ser titular en la propiedad objeto de ejecución. Banco Popular adujo que la parte peticionaria dejó de pagar las mensualidades del préstamo hipotecario, por lo cual, reclama la suma principal de $81,018.56 más intereses sobre dicha suma al tipo convenido de 5.500% anual desde el 1 de junio de 2020 hasta su completo pago, más las primas de seguros estipuladas en la escritura hipotecaria, contribuciones de la propiedad, de aplicar, y contra riesgos, más recargos por demora, intereses devengados y la cantidad estipulada de $9,200.00 por concepto de costas, gastos y honorarios de abogado.

La *Demanda* fue acompañada por los formularios de emplazamiento y copia de un pagaré[2]. Consecuentemente, el 13 de junio de 2023, la Secretaria del TPI expidió los emplazamientos de la parte peticionaria.

Luego, el 10 de agosto de 2023, el Banco Popular presentó una *Moción Solicitando Autorización para Emplazar por Edictos*[3]. En su escrito, adujo que la parte peticionaria no había podido ser

---

[1] Apéndice del recurso, págs. 1-4.
[2] Apéndice del recurso, págs. 5-11.
[3] Apéndice del recurso, págs. 26-27.

localizada para ser emplazada personalmente a pesar de realizar las diligencias requeridas por ley, por lo que solicitó autorización para emplazar por edicto. La referida moción fue acompañada con una declaración jurada suscrita el 9 de agosto de 2023 por el emplazador Joel Ronda Feliciano y un proyecto de emplazamiento por edicto[4].

Así las cosas, el 20 de septiembre de 2023, notificada el 22 de septiembre de 2023, el foro primario emitió una *Orden*[5] en la que dispuso que, habiéndose demostrado a satisfacción del Tribunal que la parte peticionaria no puede ser emplazada personalmente, procedía el emplazamiento por edictos.

Consecuentemente, el mismo 22 de septiembre de 2023, la Secretaría del foro primario expidió el formulario para emplazar por edicto a la parte peticionaria[6].

El 23 de octubre de 2023, el Banco Popular compareció mediante *Moción sometiendo emplazamiento mediante edicto y en solicitud de orden para que la parte demandada acredite si la propiedad es su residencia principal*[7]. En lo pertinente a la controversia, arguyó que el 28 de septiembre de 2023 se publicó el emplazamiento por edicto en el periódico El Nuevo Día. También, alegó que, en esta misma fecha, se le envió a la parte peticionaria por correo certificado copia de la demanda y del emplazamiento por edicto a su última dirección conocida. La parte recurrida acompañó su moción con una declaración jurada suscrita por la señora Dinaury Rivera Figueroa, Representante del periódico El Nuevo Día[8].

Así las cosas, el 14 de noviembre de 2023, notificada el 17 de noviembre de 2023, el TPI emitió una *Orden*[9] en la que determinó lo siguiente:

---

[4] Apéndice del recurso, págs. 28-35.
[5] Apéndice del recurso, págs. 41-42.
[6] Apéndice del recurso, pág. 43.
[7] Apéndice del recurso, págs. 46-54.
[8] Apéndice del recurso, pág. 55-57.
[9] Apéndice del recurso, pág. 61.

Evaluada la "moción sometiendo emplazamiento mediante edicto en solicitud de orden para que la parte demandada acredite si la propiedad es su residencia principal", señalese vista para el 6 de diciembre de 2023 a las 9:00 am en la sala 202 del Tribunal de Primera Instancia, Sala de Guaynabo.

Posteriormente, el foro primario emitió una *Orden*[10], mediante la cual transfirió la vista para el 17 de enero de 2024 a las 9:30am.

El 12 de enero de 2024, la parte peticionaria presentó una *Moción conjunta sobre desestimación por falta de jurisdicción deficiencia en el emplazamiento*[11]. En esencia, alegó que el emplazamiento por edictos expedido el 22 de septiembre de 2023 es insuficiente, defectuoso y priva al Tribunal de jurisdicción. En particular, adujo que el Banco Popular entregó un solo proyecto de emplazamiento por edictos, lo que provocó que el emplazamiento expedido el 22 de septiembre de 2023 fuera uno defectuoso por ir dirigido a la parte recurrida de manera mancomunada. Por tanto, la parte peticionaria solicitó la desestimación de la demanda.

Inconforme con la determinación del foro primario, el 11 de abril de 2024, la parte peticionaria acudió ante nos mediante el recurso de epígrafe y le imputó la comisión de los siguientes errores:

**Primer Error**: Erró el TPI al determinar que es permisible la acumulación de múltiples demandados en un solo formulario de emplazamiento, aun cuando la Regla 4.1 de Procedimiento Civil claramente requiere que se expida un emplazamiento para cada demandado.

**Segundo Error**: Erró el TPI al determinar que la Regla 4.6 de Procedimiento Civil desplaza, sustituye o exime del cumplimiento con los requisitos de la Regla 4.1 de Procedimiento Civil, *supra*.

**Tercer Error**: Erró el TPI al determinar que la Declaración Jurada del Sr. Ronda Feliciano cumple con la Regla 4.6 de Procedimiento Civil.

El 29 de abril de 2024, la parte recurrida compareció mediante escrito intitulado *Oposición a que se expida certiorari civil*. Con el beneficio de la comparecencia de las partes, procedemos a resolver.

---

[10] Apéndice del recurso, pág. 63.
[11] Apéndice del recurso, págs. 64-73.

**II.**

**-A-**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior[12]. La determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial[13]. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"[14]. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho"[15].

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil[16]. La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo"[17]. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[18].

---

[12] *Torres González v Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005); *Negrón v. Srio. de Justicia*, 154 DPR 79, 90-92 (2001).
[13] *Íd.*
[14] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2014); *Negrón v. Srio. de Justicia, supra*, pág. 91.
[15] *Íd.*
[16] 32 LPRA Ap. V, R. 52.1.
[17] *Íd.*
[18] *Íd.*

En consecuencia, las determinaciones que cumplan con la Regla 52.1 de las de Procedimiento Civil, *supra*, pueden ser objeto de revisión y el tribunal apelativo ejercerá su discreción para decidir si expide o no el recurso de *certiorari*. Los criterios que este Tribunal de Apelaciones examina para ejercer su discreción se encuentran recogidos en la Regla 40 de nuestro Reglamento, 4 LPRA XXII-B, R. 40. Esta norma procesal dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, para ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios antes enumerados, se justifica nuestra intervención, pues distinto al recurso de apelación, este tribunal posee discreción para expedir el auto de *certiorari*[19]. Por supuesto, esta discreción no opera en el vacío y en ausencia de parámetros que la dirijan[20].

**-B-**

El emplazamiento constituye "el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial"

---

[19] *Feliberty v. Soc. de Gananciales*, 147 DPR 834, 837 (1999).
[20] *I.G. Builders et al. v. BBVAPR, supra; Rivera Figueroa v. Joe's European Shop,* 183 DPR 580 (2011).

dentro de nuestro sistema judicial[21]. Por un lado, la finalidad del emplazamiento es notificar a la parte demandada que se ha instado una reclamación judicial en su contra y, por el otro, garantizarle su derecho a ser oído y a defenderse[22]. De otra parte, sirve como medio para que los tribunales adquieran jurisdicción sobre la persona del demandado, de forma tal que éste quede obligado por el dictamen que finalmente se emita[23].

El adecuado diligenciamiento del emplazamiento constituye un imperativo constitucional del debido proceso de ley, por lo que se exige un cumplimiento estricto cuando de obedecer sus requisitos se trata[24].

Aunque el diligenciamiento personal del emplazamiento es el método más idóneo para adquirir jurisdicción sobre la persona, por vía de excepción, las Reglas de Procedimiento Civil autorizan emplazar por edicto[25]. **Así, cuando la persona a ser emplazada, estando en Puerto Rico, no pueda ser localizada después de realizadas las diligencias pertinentes, procede que su emplazamiento se realice a través de la publicación de un edicto[26].** (Énfasis nuestro).

Cónsono con lo anterior, la Regla 4.6 de Procedimiento Civil[27], dispone sobre el emplazamiento por edictos y su publicación como sigue:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente y así se

---

[21] *Acosta v. ABC, Inc.*, 142 DPR 927, 931 (1997); *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 22 (1993); *Pagán v. Rivera Burgos*, 113 DPR 750, 754 (1983).
[22] *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 863 (2005); *Datiz v. Hospital Episcopal*, 163 DPR 10, 15 (2004); *Bco. Central Corp. v. Capitol Plaza, Inc.*, 135 DPR 760, 763 (1994).
[23] *Banco Popular v. S.L.G. Negrón, supra*; *Márquez v. Barreto*, 143 DPR 137, 142 (1997).
[24] *Banco Popular v. S.L.G. Negrón, supra*; *Datiz v. Hospital Episcopal*, supra; *Chase Manhattan Bank v. Polanco Martínez*, 131 DPR 530 (1992); *Rodríguez v. Nasrallah*, 118 DPR 93 (1986).
[25] *Banco Popular v. S.L.G. Negrón, supra*, pág. 865.
[26] *Id.*
[27] 32 LPRA Ap. V, R.4.6.

comprueba a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, **el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto**. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto. (Énfasis nuestro)

(b) El contenido del edicto tendrá la información siguiente:
   (1) Título—Emplazamiento por Edicto
   (2) Sala del Tribunal de Primera Instancia
   (3) Número del caso
   (4) Nombre de la parte demandante
   (5) Nombre de la parte demandada a emplazarse
   (6) Naturaleza del pleito
   (7) Nombre, dirección y número de teléfono del abogado o abogada de la parte demandante
   (8) Nombre de la persona que expidió el edicto
   (9) Fecha de expedición
   (10) Término dentro del cual la persona así emplazada deberá contestar la demanda, según se dispone en la Regla 10.1, y la advertencia a los efectos de que si no contesta la demanda presentando el original de la contestación ante el tribunal correspondiente, con copia a la parte demandante, se le anotará la rebeldía y se dictará sentencia para conceder el remedio solicitado sin más citarle ni oírle. El edicto identificará con letra negrilla tamaño diez (10) puntos toda primera mención de persona natural o jurídica que se mencione en éste. Si la demanda es enmendada en cualquier fecha anterior a la de la comparecencia de la parte demandada que haya sido emplazada por edictos, dicha demanda enmendada deberá serle notificada en la forma dispuesta por la regla de emplazamiento aplicable al caso.

[...]

Del estatuto anterior se desprende que los requisitos para autorizar un emplazamiento por edicto se circunscriben a que se acredite al Tribunal mediante declaración jurada las diligencias para emplazar al demandado, quien no ha podido ser emplazado por alguna de las causas que contempla el ordenamiento procesal civil y que aparezca también de la declaración o de la demanda presentada que existe una reclamación que justifica la concesión de un remedio. El Tribunal Supremo ha expresado que en caso de que la parte demandante presente una declaración jurada al tribunal -a fin de justificar el emplazamiento por edicto- ésta tiene que detallar todas las gestiones hechas para emplazar al demandado y su

contenido tiene que ser suficiente en Derecho para inspirar el convencimiento judicial necesario[28].

En cuanto a la prueba del diligenciamiento del emplazamiento, la Regla 4.7 de Procedimiento Civil dispone que:

Regla 4.7. Prueba del diligenciamiento

La persona que diligencie el emplazamiento presentará en el Tribunal la constancia de haberlo hecho dentro del plazo concedido a la persona emplazada para comparecer. Si el diligenciamiento lo realizó un alguacil o alguacila, su prueba consistirá en su declaración jurada**. En caso de que la notificación del emplazamiento se haga por edictos, se probará su publicación mediante la declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado y de un escrito del abogado o abogada que certifique que se depositó en el correo una copia del emplazamiento y de la demanda.** En los casos de emplazamiento comprendidos en la Regla 4.3 (b)(2) y (5) se acreditará el diligenciamiento mediante una declaración jurada que establezca el cumplimiento con todos los requisitos establecidos o por la orden del juez o jueza. En el caso comprendido en la Regla 4.6, se presentará el acuse de recibo de la parte demandada. La omisión de presentar prueba del diligenciamiento no surtirá efectos en cuanto a su validez. La admisión de la parte demandada de que ha sido emplazada, su renuncia del diligenciamiento del emplazamiento o su comparecencia hará innecesaria tal prueba[29]. (Énfasis nuestro).

De las reglas antes referidas surge que los requisitos más importantes del emplazamiento por edictos son: (1) la declaración jurada en la que se expresen las diligencias efectuadas para localizar a la persona a ser emplazada; (2) la publicación o diligenciamiento del emplazamiento por edicto dentro de los ciento veinte (120) días luego de ser expedido; y (3) que se le envió a la parte demandada por correo certificado, a su última dirección conocida, dentro de los diez (10) días siguientes a la publicación del edicto, copia de la demanda y del emplazamiento[30].

---

[28] *Global v. Salaam*, 164 DPR 474 (2005).
[29] 32 LPRA Ap. V, R. 4.7.
[30] *Banco Popular v. S.L.G. Negrón, supra.*

**-C-**

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil[31], "es aquella que formula el demandado antes de presentar su contestación a la demanda, en la cual solicita que se desestime la demanda presentada en su contra"[32]. La citada regla dispone que la parte demandada puede presentar una moción de desestimación en la que alegue las defensas siguientes:

(1) falta de jurisdicción sobre la materia;
(2) falta de jurisdicción sobre la persona;
(3) insuficiencia del emplazamiento;
(4) insuficiencia del diligenciamiento del emplazamiento;
(5) dejar de exponer una reclamación que justifique la concesión de un remedio;
(6) dejar de acumular una parte indispensable[33].

Al resolver una moción de desestimación bajo la Regla 10.2 (5), *supra*, los tribunales deberán tomar "como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas"[34]. La norma que impera es que "tales alegaciones hay que interpretarlas conjuntamente, liberalmente, y de la manera más favorable posible para la parte demandante"[35]. Por lo tanto, "al examinar la demanda para resolver este tipo de moción se debe ser sumamente liberal y 'únicamente procedería [desestimar] cuando de los hechos alegados no podía concederse remedio alguno a favor del demandante'"[36]. Además, "[t]ampoco procede la desestimación, si la demanda es susceptible de ser enmendada"[37].

Nuestro máximo foro judicial ha expresado que al examinar una moción de este tipo "debemos considerar, 'si a la luz de la situación más favorable al demandante, y resolviendo toda duda a

---

[31] 32 LPRA Ap. V, R. 10.2.
[32] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008).
[33] *González Méndez v. Acción Social de Puerto Rico*, 196 DPR 213, 234 (2016).
[34] *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, pág. 428.
[35] *Íd.*, pág. 429.
[36] *Colón Rivera v. Secretario, et al*, 189 DPR 1033, 1049 (2013), que cita a R. Hernández Colón, *Derecho Procesal Civil*, 4ta ed., San Juan, Ed. Lexis-Nexis, 2007, pág. 231.
[37] *Aut. Tierras v. Moreno & Ruiz Dev. Corp., supra*, pág. 429.

favor de [e]ste, la demanda es suficiente para constituir una reclamación válida'"[38]. Además, el Tribunal debe aceptar como ciertos todos los hechos que hayan sido bien alegados en la demanda y excluir de sus análisis conclusiones legales. Luego, debe determinar si, a base de esos hechos que aceptó como ciertos, la demanda establece una reclamación plausible que justifique la concesión de un remedio. Si de este análisis el Tribunal entiende que no se cumple con el estándar de plausibilidad entonces debe desestimar la demanda, pues no debe permitir que proceda una demanda insuficiente bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba[39].

### III.

Conforme mencionáramos anteriormente, la Regla 52.1 de las de Procedimiento Civil, *supra*, nos autoriza a expedir el auto de *certiorari* cuando se recurre de una denegatoria de una moción de carácter dispositivo. Así pues, surge del expediente ante nos que la parte peticionaria recurre por una denegatoria de una moción de desestimación, ante ello, estamos habilitados para ejercer nuestra discreción en la expedición del *certiorari* solicitado.

La parte peticionaria arguye que el TPI incidió al permitir que se expidiera un solo emplazamiento por edicto para emplazar al señor Vázquez Negrón y a Vázquez Investment. También, señala que la Regla 4.6 de Procedimiento Civil, *supra,* no exime del cumplimiento con los requisitos de la Regla 4.1 de Procedimiento Civil, *supra.* Por último, razona que la declaración jurada suscrita por el emplazador Joel Ronda Feliciano es insuficiente.

Por otro lado, la parte recurrida alega haber cumplido a cabalidad con los requisitos del emplazamiento por edictos

---

[38] *Íd.*, pág. 429 que cita a *Pressure Vessels P.R. v. Empire Gas P.R.*, [137 DPR 497 (1994)], *Unisys v. Ramallo Brothers*, 128 DPR 842 (1991).
[39] R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed., San Juan, LexisNexis, 2010, pág. 268.

establecidos por nuestro ordenamiento jurídico. Específicamente, aduce haber presentado la correspondiente declaración jurada respecto a las diligencias realizadas para emplazar a la parte peticionaria personalmente. Asimismo, señala que cumplió con enviar a la parte peticionaria por correo certificado, a su última dirección conocida, copia de la demanda y del emplazamiento.

En el caso de autos, nos corresponde determinar si el emplazamiento por edicto permite o no la acumulación de varios demandados en una misma publicación. Por estar intrínsecamente relacionados, discutiremos en conjunto los tres señalamientos de error presentados por la parte peticionaria. Veamos.

Esencialmente, nuestro Tribunal Supremo ha establecido la siguiente normativa para que proceda el emplazamiento mediante un edicto, a saber:

> Para que proceda el emplazamiento mediante un edicto hemos requerido que el demandante acredite, mediante una declaración jurada, las diligencias realizadas para localizar y emplazar al [demandado]. La moción presentada debe contener hechos específicos y detallados demostrativos de esa diligencia y no meras generalidades. *Mundo v. Fúster*, 87 DPR 363, 371–372 (1963). La razonabilidad de las gestiones efectuadas dependerá de las circunstancias particulares de cada caso, las cuales el juez corroborará a su satisfacción antes de autorizar el emplazamiento mediante un edicto. *Lanzó Llanos v. Banco de la Vivienda*, 133 DPR 507, 515 (1993).

> Autorizado el edicto por el tribunal, el demandante procurará su publicación en un [sic] *"un periódico de circulación diaria general de la Isla de Puerto Rico"* y luego —dentro de los diez días siguientes a la publicación—enviará a la parte demandada, por correo certificado a la última dirección conocida, *una copia del emplazamiento y la demanda presentada.* Estos requisitos activan la garantía del debido proceso de ley en su vertiente procesal. De ahí que en *Reyes v. Oriental Fed. Savs. Bank,* 133 DPR 15, 24 (1993), señaláramos que estos requisitos *deben observarse estrictamente.* De lo contrario, se priva al tribunal de jurisdicción sobre la persona del demandado, por lo que cualquier sentencia dictada será nula. *Ortiz v. The Crescent Trading Co.,* 69 DPR 501, 504–505 (1949). Véanse, además: *Medina v. Medina*, 161 DPR 806 (2004); *Rivera v. Jaume, supra*; *Acosta v. ABC, Inc., supra*, pág. 931.[40]

De la normativa jurídica vigente no surge prohibición alguna sobre la inclusión de más de un demandado en un mismo edicto.

---

[40] *Banco Popular v. SLG Negrón,* 164 DPR 855, 865 (2005).

Adviértase, lo requerido es cumplir con el debido proceso de ley, equivalente a la debida notificación. Así pues, colegimos que los señalamientos de error primero y segundo no fueron cometidos.

Además, al examinar el legajo apelativo, particularmente la declaración jurada del emplazador Joel Ronda Feliciano, concluimos que la misma expone las diligencias realizadas para localizar y emplazar personalmente a la parte peticionaria. Dicha declaración jurada contiene hechos específicos y detallados demostrativos de una adecuada diligencia. Ante ello, resolvemos que el tercer error esbozado por la parte peticionaria no fue cometido.

Ante los hechos que presenta este caso, no consideramos que el foro primario haya actuado de forma arbitraria, prejuiciada o parcializada, ni que incurriera en un craso abuso de discreción o que se equivocara en la aplicación de la norma jurídica. Por tanto, no se justifica intervenir con la determinación recurrida.

**IV.**

Por los fundamentos antes expuestos, **expedimos** el auto de *certiorari* y **confirmamos** el dictamen recurrido.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones